IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RICKEY B. DAVIS,           )<br>       Plaintiff,                  )<br>                                      )<br>v.                                    )<br>                                      )<br>CITY OF SPRINGFIELD, ILLINOIS, )<br>A Municipal Corporation,       )<br>                                      )<br>       Defendant.               ) | Case No. 04-3168 |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE EXHIBITS**

**NOW COMES** Defendant, by and through its attorneys, Jenifer L. Johnson, Corporation Counsel, Frank Martinez, Assistant Corporation Counsel, and James A. Lang, Assistant Corporation Counsel, and submits its Memorandum in Support of Motion to Strike Exhibits.

Plaintiff has filed various exhibits supporting his Response to Defendants' Motion for Summary Judgment. For the following reasons, each of these Exhibits should be stricken from the record and disregarded by the Court when ruling on Defendant's Motion for Summary Judgment.

"[Plaintiff] cannot use inadmissible hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial." *Pritchard v. Southern Company Services*, 92 F.3d 1130, 1135 (11th Cir. 1996).

Exhibit #1 is a report written by Lawrence Golden. If Plaintiff intends for Golden to be considered an expert witness, there has been no disclosure or report submitted in this case, and his testimony must be barred. If not expert testimony, the report is entirely worthless as nothing more than inadmissible

hearsay. Even if there is information in the report which is not otherwise inadmissible hearsay, Golden has not been disclosed as a witness in any form and will be unable to testify at trial.

Exhibits #22, #29, #31 and #41 are articles from the State Journal-Register newspaper. The articles are simply hearsay and completely inadmissible.

Exhibits #7 and #8 purport to be a breakdown of Defendant's employees by race and a list of employees by race. Nothing is cited to identify where these documents originated or if they have been authenticated.

Exhibit #38 is a letter from Jenifer Johnson to David Rose. Neither Johnson or Rose has been disclosed as a witness. Without one of the parties to the letter testifying to a foundation for the contents, the letter is inadmissible.

Exhibit #3 is the deposition testimony of Leticia Dewith-Anderson. Exhibit #4 is the deposition testimony of Todd Renfrow. Exhibit #6 is the deposition testimony of Frank McNeil. Exhibit #9 is the deposition testimony of Timothy Davlin. Exhibit #13 is the deposition testimony of Frank Edwards. Exhibit #15 is the deposition testimony of Sandy Robinson. No disclosure of these individuals was made in either the Plaintiff's Initial Disclosures [Ex. A] or the Amended Initial Disclosures [Ex. B] and their depositions were not taken in this case. Litigation by ambush was supposed to be eliminated by the requirements of the Federal Rules of Civil Procedure, specifically Rule 26, which requires disclosure of witnesses and evidence to be used in the case.

In order for Defendant to be able to draft its Reply, it is necessary to have a ruling on these issues, and the related issue of the inadmissibility of the Affidavit of Davis. With only five pages to address Plaintiff's arguments, it is critical that Defendant know whether or not to address Plaintiff's submissions.

**WHEREFORE**, Defendant moves this Court:

A.   To strike Exhibits 1, 3, 4, 6, 7, 8, 9, 13, 15, 22, 29, 31, 38 and 41;

B.   To strike Plaintiff's additional facts which rely on the inadmissible exhibits;

C.   To rule on this motion and the related Motion to Strike Affidavit of Davis prior to requiring a Reply;

D.    For its costs and fees in bringing this Motion;

E.   For such further relief as is just and equitable.

**RESPECTFULLY SUBMITTED,**
**s/ James A. Lang**
Bar Number 6211100
Attorney for Defendant
Room 313 Municipal Center East
800 East Monroe Street
Springfield, Illinois 62701-1689
Telephone:  (217) 789-2393
Fax:          (217) 789-2397
Email:        corporationcounsel@cwlp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RICKEY B. DAVIS,<br>  Plaintiff,<br><br> v.<br><br>CITY OF SPRINGFIELD, ILLINOIS,<br>A Municipal Corporation,<br><br>  Defendant. | )<br>)<br>)<br>)  Case No. 04-3168<br>)<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

 I hereby certify that on August 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **A. Courtney Cox** and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: **N/A**

       **s/James A. Lang**
       Bar Number 6211100
       Attorney for Defendant
       City of Springfield
       Room 313 Municipal Center East
       800 East Monroe Street
       Springfield, Illinois 62701-1689
       Telephone: (217) 789-2393
       Fax:   (217) 789-2397
       Email:  corporationcounsel@cwlp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY B. DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 04-3168 |
| CITY OF SPRINGFIELD, ILLNOIS, A Municipal Corporation, | ) |
| Defendant. | ) |

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO LOCAL RULE 26.1(a)(1)

Pursuant to Local Rule 26.1(a)(1), Plaintiff serves the following initial disclosures upon the Defendants.

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information as described in Fed.R.Civ.P.26(a)(1)(A).

**See attached list.**

2. A copy of, or a description by category and location of, all documents, data, compilations, and tangible things in the possession, custody or control of the party as described in Fed.R.Civ.P.26(a)(1)(B).

**IDHR documents. Newspaper article quoting Chief Kliment.**

3. A computation of any category of damages claimed by Plaintiffs as described in Fed.R.Civ.P.26(a)(1)(C).

**This computation has not yet been made by Plaintiff.**

4. The existence and contents of any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy 

NOV 0 4 2004

CORPORATION COUNSEL

1   Ex A

the judgment that may be entered in the action, or indemnify or reimburse for payments made to satisfy the judgment, making available such agreement for inspection and copying. Fed.R.Civ.P. 26(a)(1)(D)

**Not applicable to Plaintiff.**

          HART & HART
          Attorneys for Plaintiff

BY: _____
     A. COURTNEY COX

A. COURTNEY COX
Illinois Bar #06182590
HART & HART
Attorneys at Law
602 West Side Public Square
Benton, IL    62812-0937
Telephone:    618/435-8123
Telefax:      618/435-2962
email:        courtc@harthhart.com

2

## PROOF OF SERVICE

The undersigned hereby certifies that he forwarded same by fax transmission to Frank Martinez at 217-789-2397 and by depositing in the United States Mail at Benton, Illinois, a true and correct copy of the foregoing in an envelope with postage fully prepaid and plainly addressed to :

Frank Martinez
Assistant Corporation Counsel
Room 100, Municipal Center West
300 South Seventh Street
Springfield, Illinois 62701-1680

on this the **3d** day of November, 2004.

_____
A. COURTNEY COX

3

# WITNESSES

## Davis v. City of Springfield

### Case No. 04-cv-3168

| NAME | DESCRIPTION | DEPOSED |
|---|---|---|
| Rickey B. Davis | Plaintiff. May be reached through counsel. | |
| Don Kliment | Chief of Police Springfield Police Department | |
| William Rouse | Deputy Chief Springfield Police Department | |
| James Burton | Former Deputy Chief Springfield Police Department | |
| Robert Williams | Deputy Chief Springfield Police Department | |
| Mike Geiger | Deputy Chief Springfield Police Department | |
| Ralph Caldwell | Assistant Chief Springfield Police Department | |
| Tim Young | Major Case Sergeant Springfield Police Department | |
| Pat Ross | Former Major Case Detective Springfield Police Department | |
| Jim Case | Major Case Detective Springfield Police Department | |
| Paul Carpenter | Major Case Detective Springfield Police Department | |
| Matt Madonia | Detective Springfield Police Department | |
| Pat Fogleman | Deputy Chief Springfield Police Department | |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKEY B. DAVIS, | ) |
|               Plaintiff, | ) |
| v. | ) CASE NO. 04-3168 |
| CITY OF SPRINGFIELD, ILLNOIS, | ) |
|    A Municipal Corporation, | ) |
|               Defendant. | ) |

### PLAINTIFF'S AMENDED INITIAL DISCLOSURES
### PURSUANT TO LOCAL RULE 26.1(a)(1)

Pursuant to Local Rule 26.1(a)(1), Plaintiff serves the following amended initial disclosures upon the Defendants.

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information as described in Fed.R.Civ.P.26(a)(1)(A).

**See attached list.**

2. A copy of, or a description by category and location of, all documents, data, compilations, and tangible things in the possession, custody or control of the party as described in Fed.R.Civ.P.26(a)(1)(B).

**IDHR documents. Newspaper article quoting Chief Kliment.**

3. A computation of any category of damages claimed by Plaintiffs as described in Fed.R.Civ.P.26(a)(1)(C).

**This computation has not yet been made by Plaintiff.**

4. The existence and contents of any insurance agreement under which any person or entity carrying on an insurance business may be liable to satisfy part or all of

1    Ex B





RECEIVED
JAN 1 3 2005
CORPORATION
COUNSEL

the judgment that may be entered in the action, or indemnify or reimburse for payments made to satisfy the judgment, making available such agreement for inspection and copying. Fed.R.Civ.P. 26(a)(1)(D).

**Not applicable to Plaintiff.**

HART & HART<br>
Attorneys for Plaintiff

BY: _____
A. COURTNEY COX

A. COURTNEY COX
Illinois Bar #06182590
HART & HART
Attorneys at Law
602 West Side Public Square
Benton, IL   62812-0937
Telephone:   618/435-8123
Telefax:      618/435-2962
email:        courtc@harthhart.com

2

## PROOF OF SERVICE

The undersigned hereby certifies that he forwarded same by fax transmission to Frank Martinez at 217-789-2397 and by depositing in the United States Mail at Benton, Illinois, a true and correct copy of the foregoing in an envelope with postage fully prepaid and plainly addressed to :

Frank Martinez
Assistant Corporation Counsel
Room 100, Municipal Center West
300 South Seventh Street
Springfield, Illinois 62701-1680

on this the 12th day of January, 2005.

A. COURTNEY COX

# WITNESSES

## Davis v. City of Springfield

### Case No. 04-cv-3168

| NAME | DESCRIPTION | DEPOSED |
|---|---|---|
| Rickey B. Davis | Plaintiff. May be reached through counsel. Knowledgeable about his qualifications and experience as compared to William Rouse. Also knowledgeable about his activities in opposing racial discrimination in the Springfield Police Department. | |
| Don Kliment | Chief of Police Springfield Police Department Made decision to pass over Lt. Davis in favor of Lt. Rouse for the position of Deputy Chief in investigations. | |
| William Rouse | Deputy Chief Springfield Police Department Promoted to Deputy Chief over Plaintiff. He is the only currently appointed Deputy Chief who lacks experience in his division (investigations). | |
| James Burton | Former Deputy Chief Springfield Police Department Springfield Police Department Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff. Also knowledgeable about his own qualifications. | |
| Robert Williams | Deputy Chief Springfield Police Department Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff. Also knowledgeable about his own qualifications. | |
| Mike Geiger | Deputy Chief Springfield Police Department | |

1

| | | |
|---|---|---|
| | Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff. Also knowledgeable about his own qualifications. | |
| Ralph Caldwell | Assistant Chief<br>Springfield Police Department<br>Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff. May be knowledgeable about the selection of Lt. Rouse by Chief Kliment and the reasons for that decision. | |
| Tim Young | Major Case Sergeant<br>Springfield Police Department<br>Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff. | |
| James Graham | Major Case Detective<br>Springfield Police Department<br>Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff. | |
| Paul Carpenter | Major Case Detective<br>Springfield Police Department<br>Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff. | |
| Matt Madonia | Detective<br>Springfield Police Department<br>Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff | |
| Pat Fogleman | Deputy Chief<br>Springfield Police Department<br>Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff. Also knowledgeable about his own qualifications. | |
| Clay Dowis | Lieutenant | |

2

|  |  |  |
|---|---|---|
|  | Springfield Police Department Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff |  |
| **Doug Williamson** | Lieutenant Springfield Police Department Believed to be knowledgeable about the relative abilities and qualifications of William Rouse and Plaintiff |  |
| **OTHERS** | Both Lt. Davis and DC Rouse are well known in the Department. It is believed that many, if not all, employees, in addition to former employees, may have information about the relative abilities and qualifications of William Rouse and Plaintiff |  |

3