**E-FILED**
Friday, 08 December, 2006  09:42:50 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3168 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Rickey B. Davis' Motion to Enforce Settlement Agreement (d/e 91) (Motion).  This case was scheduled for trial on October 3, 2006.  In September 2006, counsel for Davis, Courtney Cox, and Defendant City of Springfield's Corporation Counsel Jenifer Johnson informed the Court that counsel had reached a tentative settlement of this case.  At Johnson's request, and without objection from Cox, the Court left the matter on the docket for trial until September 29, 2006.  The Court then entered a Text Order removing the matter from the trial docket, declaring all pending motions to be moot, and directing the parties to file a stipulation to dismiss.  <u>Text Order entered</u>

September 29, 2006.  Johnson sent Cox an email stating, in part, "We plan on introducing an ordinance to approve the agreement for emergency passage . . . ."  Motion, Exhibit A, Email from Jenifer Johnson to Courtney Cox dated September 28, 2006.  The City Council never passed the ordinance approving the settlement agreement, and no stipulation to dismiss was ever filed.  Davis now asks the Court to enforce the settlement agreement reached by counsel.

The Court cannot grant Davis' request.  A settlement agreement is a contract.  Air Line Stewards and Stewardesses Assoc., Local 550, TWU, AFT-CIO v. Trans World Airlines, Inc., 713 F.2d 319, 321 (7th Cir. 1983).  In order to create an enforceable contract with a municipality, the City Council must enact an ordinance approving the agreement.  Springfield City Code § 31.11(b); Illinois Municipal Code, 65 ILCS 5/3.1-40-40.  That was not done here.  Davis, thus, did not have an enforceable agreement with the City.

Davis relies on City of Burbank which holds that a city's corporate counsel has apparent authority that can bind the municipality to a settlement.  City of Burbank v. Illinois State Labor Relations Board, 185 Ill.App.3d 997, 1005, 541 N.E.2d 1259, 1265 (1st Dist. 1989).  The

reasoning in <u>City of Burbank</u> has been questioned and rejected in later Illinois cases.  <u>City of Belleville v. Illinois Fraternal Order of Police Labor Council</u>, 312 Ill.App.3d 561, 564, 732 N.E.2d 592, 594 (5th Dist. 2000); <u>Nielsen-Massey Vanillas, Inc. v. City of Waukegan</u>, 276 Ill.App.3d 146, 153 (2nd Dist. 1995).  The Court agrees that the reasoning in City of Burbank is flawed.  The City Council must adopt an ordinance to bind the City.  65 ILCS 5/3.1-40-40.  The Court declines to follow the reasoning of the <u>City of Burbank</u>.  Further, Johnson's email to Cox, quoted above, stated that an ordinance approving the settlement would be presented to the City Council for passage.  Thus, Johnson made it clear that an ordinance was needed; she did not represent that she had the authority to bind the City.

It is regrettable that the settlement was not completed, but the Court cannot find that the City entered into a binding settlement agreement in the absence of an affirmative vote by the City Council.

THEREFORE, the Motion to Enforce Settlement Agreement (d/e 91) is DENIED.  The portion of the Text Order entered on September 29, 2006, that denied the pending motions as moot is vacated, and those motions (d/e 87 & 90) are reinstated.  The Court directs counsel to submit proposed trial dates.

IT IS THEREFORE SO ORDERED.

ENTER:   December 8, 2006.

FOR THE COURT:

_____  s/  Jeanne E. Scott_____

JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE