IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-3168 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Rickey B. Davis' Motion and Memorandum to Reconsider (d/e 87).  Davis asks this Court to reconsider the portion of its Opinion entered September 19, 2006 (d/e 86) (Opinion) in which the Court excluded the deposition excerpts of Letitia Dewith-Anderson from consideration in ruling on Defendant City of Springfield's (City's) Motion for Summary Judgment (d/e 66) (Summary Judgment Motion).  Davis submitted excerpts from her deposition to support his opposition to the Summary Judgment Motion.  <u>Memorandum of Plaintiff in Opposition to Motion for Summary Judgment (d/e 68) (Davis Memorandum)</u>, Exhibit 3, <u>Excerpts of Deposition of Letitia Dewith-</u>

1

Anderson (Dewith-Anderson Deposition).  The Court excluded the Dewith-Anderson Deposition because the City represented to the Court that Davis did not disclose Dewith-Anderson as a witness in this case.  Opinion, at 8-9.  The parties now concede that Davis disclosed Dewith-Anderson as a possible witness in this case.  The Court, therefore, reconsiders that portion of the Opinion that excluded the Dewith-Anderson deposition excerpts from consideration as part of Davis' opposition to the Summary Judgment Motion.  After consideration of Dewith-Anderson's deposition, the Court still concludes that the decision on the Summary Judgment Motion is correct.

This Court denied the City's Motion for Summary Judgment on Davis' Title VII claim against the City.  Opinion, at 41.  Davis alleged that the City decided not to promote him to the position of Deputy Chief of the City's Police Department (Department) because he is an African American man and to retaliate against him for speaking out about racial discrimination.  The Court granted summary judgment on Davis' §§ 1981 and 1983 claims for racial discrimination because Davis failed to present any evidence that the City either had an official policy or a practice or custom of not promoting African American police officers or of retaliating

2

against officers who spoke out against racial discrimination.  Id., at 34-40.

Dewith-Anderson's deposition adds nothing to the Title VII claim. That claim turns on an issue of fact related to a disputed conversation between Davis and the City's Police Chief Donald Kliment.  Id., at 31-34. The denial of summary judgment on that claim is, thus, not affected by consideration of her deposition.

Dewith-Anderson's deposition testimony also does not contain any evidence that tends to show that the City had either an official policy or a practice or custom of not promoting African American police officers or of retaliating against officers who spoke out against racial discrimination. Dewith-Anderson is an African American woman.  Timothy Davlin became Mayor of the City in April 2003 and appointed Dewith-Anderson to be his Chief of Staff.  She left the Davlin administration in January 2004.  Some of her deposition is cumulative of other evidence that supports the proposition that the City was ineffective in increasing the number of African American officers in the Department.  Dewith-Anderson Deposition, at 57, 59.  See Opinion, at 37-39.  As explained in the Opinion, the ineffectiveness of the City's efforts at hiring and retaining African American police officers, alone, does not tend to prove a discriminatory policy, custom, or practice

related to hiring or retention in the Department, and it is not directly related to promotion policies, practices, or customs. Id., at 38-39. Dewith-Anderson made a general statement in her deposition that there were racial problems in promotions in the Department, but she gave no details. Dewith-Anderson Deposition, at 52. Such generalizations cannot be used as evidence to overcome summary judgment. Payne v. Pauley, 337 F.3d 767, 773 (7th Cir. 2003).

Dewith-Anderson also testified to some specific situations that she perceived to be racial discrimination in other City departments. She asked the Corporation Counsel's Office to hire an African American attorney, but the Office hired a Caucasian. Dewith-Anderson Deposition, at 45-46. This fact is not relevant to promotion policies, practices and customs in the Department. Also, Davis presented no evidence of the relative qualifications of the two attorneys and so has not shown that the decision to hire the Caucasian attorney was discriminatory.

Dewith-Anderson also testified that African Americans who worked in the City's garages complained to her that they were placed in the worst garage and assigned to the worst tasks. Id., at 34. She testified that City officials stated that they were aware of the problem and would rectify it;

4

however, when asked if the problem had been solved, Dewith-Anderson said not to her knowledge. Id., at 35. The City's garage employees are not the plaintiffs here; Davis is. The treatment of the City's garage employees does not indicate a policy, custom or practice of not promoting officers in the Department or of retaliating against such officers.

Dewith-Anderson also testified about her perception of Mayor Davlin's personal attitudes toward African Americans. She testified that after a meeting with African American community leaders, Davlin said to her: "Your people like to scream and yell at people, and I'm not meeting with them anymore. I don't understand your people." Id., at 29. She testified that thereafter, Davlin never met with more than three African Americans at a time; he never met them at his office, and he always was accompanied by Renfrow. Id., at 36. Dewith-Anderson wanted to hire an African American as her assistant, but she testified that Davlin told her she could not do so because he needed someone he could get along with. Id., at 33.

Dewith-Anderson testified that Mayor Davlin mistreated her, demoted her, and discriminated against her. Id., at 22-25, 41-43, 53. Dewith-Anderson also is not the plaintiff here. Her belief that the Mayor

5

discriminated against her as his Chief of Staff does not tend to prove or disprove whether the City had a policy, custom or practice of discrimination or retaliation in connection with the promotion of African American police officers. Furthermore, Mayor Davlin's personal racial prejudices, if any, do not tend to prove anything about the City's policies, customs or practices within the Department. After careful review of Dewith-Anderson's deposition testimony, the Court is still convinced that the City is entitled to summary judgment on Davis' §§ 1981 and 1983 claims.

THEREFORE, Plaintiff Rickey B. Davis' Motion and Memorandum to Reconsider (d/e 87) is ALLOWED in part. The Court will reconsider the portion of the Opinion entered September 19, 2006 (d/e 86) which excluded from the Court's consideration the excerpts of the deposition of Letitia Dewith-Anderson submitted by Davis in opposition to the City's Motion for Summary Judgment (d/e 66). The Court has considered the excerpts from her deposition and determined that the remainder of the decision set forth in the Opinion (d/e 86) should remain unchanged.

IT IS THEREFORE SO ORDERED.

ENTER: February 23, 2007.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
