IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RICKEY B. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04-3168 |
| | ) |
| CITY OF SPRINGFIELD, | ) |
| | ) |
| Defendant. | ) |

**<u>OPINION</u>**

JEANNE E. SCOTT, U.S. District Judge:

Before the Court are Defendant's Motions in Limine (d/e 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118). The Court rules on the Motions as set forth below.

The Defendant's First Motion in Limine (d/e 104) is allowed, pending Plaintiff making an offer of proof of the foundation that Chief Kliment knew about these activities by caucasian officers and took no disciplinary action. The Court will rule at trial, if need be, as to whether particular exhibits should be excluded due to their prejudicial effect substantially outweighing their probative value.

The Defendant's Second Motion in Limine (d/e 105) is allowed.

1

Plaintiff indicates no desire to use witness Golden or the report referenced. Should Plaintiff change his mind, he must first alert the Court and opposing counsel before calling the witness.

The Defendant's Third Motion in Limine (d/e 106) is allowed in part and denied in part. Plaintiff can use historical evidence of racial discrimination within the Springfield Police Department, of which Davis knew, as background for his protected activity. His speaking out was with reference to conduct within the Springfield Police Department. If requested, the Court will give a limiting instruction informing jurors that this historical information is to be considered as background and a reason for Davis' activities in speaking out on racial issues within the Department. If Plaintiff seeks to use any additional information covered by this Motion, he must first present an offer of proof, outside the presence of the jury, of the specific evidence he seeks to introduce, the purpose of it, and its relevance to the issues being tried.

The Defendant's Fourth, Sixth, Seventh, Eighth and Twelfth Motions in Limine (d/e 107, 109, 110, 111, 115) are allowed, pending Plaintiff making an offer of proof, outside the presence of the jury, of exactly what evidence of this nature he wishes to offer and for what purpose.

The Defendant's Fifth Motion in Limine (d/e 108) is allowed in part and denied in part. At summary judgment, evidence was submitted to the Court by Plaintiff concerning testimony from Mitzi Vasconcelles, Ralph Harris, Lea Joy, Ed Flesch and Randy Wilson. Those individuals had not been listed as witnesses by Plaintiff in his Rule 26 disclosures. Defendant did not object to the Court considering this evidence and even submitted some additional evidence itself from witnesses Harris, Joy and Wilson. Under these circumstances, the Motion to Bar Mitzi Vasconcelles, Ralph Harris, Lea Joy, Ed Flesch, and Randy Wilson from testifying at trial is denied. The Motion to Bar Lawrence Golden, Todd Renfrow, Frank McNeil, Frank Edwards, and Sandy Robinson from testifying at trial, due to Plaintiff's failure to disclose them as witnesses, is allowed.

The Defendant's Ninth Motion in Limine (d/e 112) is allowed without objection.

The Defendant's Tenth Motion in Limine (d/e 113) is allowed as to evidence of Davis' transfer to Field Operations; Plaintiff has indicated he does not intend to introduce such evidence. The Motion is allowed as to evidence of the treatment of Plaintiff after denial of the promotion in question, pending Plaintiff making an offer of proof of the specific evidence

3

he wishes to use and demonstrating how it goes to intent.

The Defendant's Eleventh Motion in Limine (d/e 114) is denied. The rules do not support the restrictive reading Defendant advances.

The Defendant's Thirteenth Motion in Limine (d/e 116) is allowed in part and denied in part. The Court is unsure of what evidence the Defendant seeks to bar, but evidence that is relevant to the claims being tried will not be barred. However, since Plaintiff has indicated in his response to other motions that he will not introduce evidence of Plaintiff's transfer from Criminal Investigations or of evidence of William Rouse's performance after obtaining the Deputy Chief position, the Motion is allowed with respect to evidence of these matters. In ruling on Defendant's Tenth Motion in Limine, the Court addressed the balance of this Motion.

The Court reserves ruling on Defendant's Fourteenth Motion in Limine (d/e 117) at this time with respect to economic damages; that portion of the trial has been severed. The Motion is denied with respect to evidence of non-economic compensatory damages; since those damages are not subject to precise calculation, Defendant is not prejudiced by the failure to submit pretrial disclosures of amounts claimed.

The Defendant's Fifteenth Motion in Limine (d/e 118) is allowed. In

the event Plaintiff feels that certain evidence presented at trial has opened the door to the use of this evidence, he may ask the Court to reconsider this ruling.

IT IS THEREFORE SO ORDERED.

ENTER:  August 24, 2007

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE