**E-FILED**
Friday, 30 January, 2009  09:26:45 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3168 |
| | ) | *consolidated with* |
| | ) | No. 07-3096 |
| CITY OF SPRINGFIELD, ILLINOIS, a | ) | |
| Municipal Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Plaintiff Rickey B. Davis' Motion to Compel Discovery (d/e 181). Plaintiff asks the Court to compel Defendant City of Springfield, Illinois to provide full responses to Plaintiff's First Interrogatories Nos. 2, 3, 5, 7, 8, 10 and 11 and Plaintiff's First Request for Production of Documents Nos. 1 and 2. Plaintiff further asserts that Defendant's objections to Plaintiff's First Interrogatory No. 6 and Plaintiff's First Request for Production of Documents Nos. 4, 9, 10, 11, 12, 14, 15, 16, 19, 21, and 23 are untimely and, thus, waived. This Court has jurisdiction to consider these matters pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff's Motion to Compel contains the requisite Fed. R. Civ. P. 37(a)(1) certification.  For the reasons set forth below, the Motion is allowed, in part, and denied, in part.

BACKGROUND

Plaintiff's Second Amended Complaint (d/e 172) alleges claims of race discrimination and retaliation under Title VII (Count I) and 42 U.S.C. §§ 1981 & 1983 (Count II).  Plaintiff is an African-American who was at all relevant times employed by the Defendant as a police officer with the rank of Lieutenant.  According to the Second Amended Complaint, Plaintiff has previously filed claims of race discrimination and retaliation against Defendant and has spoken out against race discrimination in the City of Springfield and the Springfield Police Department (SPD).  Plaintiff alleges that Defendant discriminated and retaliated against him by taking action affecting the terms and conditions of his employment, issuing unwarranted discipline against him, mishandling Internal Affairs matters against him, transferring him from the criminal investigations division to the patrol unit, transferring him from the day shift to the midnight shift and then to the second shift, and releasing confidential medical information about Plaintiff to the general public without his consent.

On September 5, 2008, Plaintiff served Defendant with Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents. Defendant failed to respond within thirty days as required under Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  Plaintiff's attorney Donna Harper sent a letter, dated October 15, 2008, to Assistant Corporation Counsel Frank Martinez addressing Defendant's overdue discovery responses.  Plaintiff's Memorandum in Support of his Motion to Compel Discovery (d/e 182) (Plaintiff's Memorandum), Ex. 3.  The letter stated as follows:

> On September 5, 2008, I served you with Plaintiff's First Request for Production and First Interrogatories.  Your objections and responses were due on October 8, 2008.  Your responses are now one week overdue.  Your objections, if any, are waived.
>
> This is my request to confer as required by the Court's May 28, 2008 Scheduling Order and Rule 37 F. R. Civ. P. Please call me at your earliest convenience to advise what you plan on doing about answering this discovery, and when.  If you do not plan to respond to this discovery, please do me the courtesy of advising me so I may promptly file a motion to compel.

Id. (emphasis added).

Plaintiff asserts that Defendant failed to respond to the October 15, 2008 letter.  Defendant does not contest this.  The record reveals that Plaintiff's counsel raised the overdue discovery issue again in an October

27, 2008 email regarding deposition scheduling.  <u>Defendant's Response to Motion to Compel Discovery [sic] (d/e 184) (Defendant's Response)</u>, Ex. A, p. 2.  Defense counsel responded by email, dated October 30, 2008, that he was working on the discovery and would have it ready by the end of the next week.  <u>Id</u>., p. 1.  Plaintiff's counsel responded that afternoon by emailing defense counsel a deposition schedule that began on November 12, 2008 and cautioned "I must have your discovery responses by the end of next week or this entire schedule will be thrown off.  I am relying on your statement below that you will get it to me by the end of next week."  <u>Id</u>.  In an email, dated November 5, 2008, Plaintiff's counsel again raised the issue of the overdue discovery as follows: "Are you still expecting to send me your answers and the documents by the end of this week?  I need to know for planning purposes so I have enough time to review what's been produced before incurring the expense of depositions."  <u>Defendant's Response</u>, Ex. C.  Defense counsel responded by email that he planned to send out the responses and documents the next day.  <u>Id</u>.

Defendant's Response to Plaintiff's First Interrogatories bears a date of November 6, 2008.  <u>See</u> <u>Plaintiff's Memorandum</u>, Ex. 1.  Defendant's Response to Plaintiff's First Request for Production of Documents bears no

date; however, the parties agree that Defendant served its response to the Request for Production along with its Response to Plaintiff's First Interrogatories on November 6, 2008.  See Plaintiff's Memorandum, p. 2 & Ex. 2; Defendant's Response, Ex. B & C.  Plaintiff filed the instant Motion to Compel on December 5, 2008.  According to Plaintiff, Defendant's objections to Plaintiff's First Interrogatory No. 6 and Plaintiff's First Request for Production of Documents Nos. 4, 9, 10, 11, 12, 14, 15, 16, 19, 21, and 23 are untimely and, thus, waived.  Plaintiff further asserts that Defendant's responses to Plaintiff's First Interrogatories Nos. 2, 3, 5, 7, 8, 10 and 11 and Plaintiff's First Request for Production of Documents Nos. 1 and 2 are insufficient.  Plaintiff asks the Court to compel Defendant to provide complete responses to the identified discovery requests.

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  A party may seek an order compelling disclosure when an opposing party has failed to respond or has

provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(2)(B)(iii), (iv) & (a)(4). The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties."  Gile v. United Airlines Inc., 95 F.3d 492, 496 (7th Cir. 1996).  With this in mind, the Court addresses the disputed discovery requests, beginning with those to which Defendant objected.

### A.  Plaintiff's First Interrogatory No. 6

Plaintiff's First Interrogatory No. 6 asks Defendant to identify "each person employed by Defendant as a commissioned or sworn police officer who has, during the period of January 1, 1999 through January 1, 2007, made any formal or informal complaints of any type of discrimination based on race, color, or retaliation" and to provide several specific details as to each.  Plaintiff's Memorandum, Ex. 1, p. 5-6.  Defendant objects to Plaintiff's First Interrogatory No. 6, asserting that the interrogatory is overbroad and burdensome and that it will not lead to relevant evidence. Defendant further states that "[m]uch of the information requested is in the possession of the Plaintiff and his attorneys."  Id., p. 6.

Plaintiff asserts that Defendant waived any objection to Plaintiff's First Interrogatory No. 6 by failing to object within thirty days after being served with the interrogatories.  The Court agrees.  Under Fed. R. Civ. P. 33(b)(2), "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories.  A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."  Under Fed. R. Civ. P. 33(b)(4), "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

Plaintiff's First Interrogatories were served on September 5, 2008. Defendant served its objection two months later, on November 6, 2008.  No court order modified the time to respond.  Defendant counsel explains that he "was under the assumption that Plaintiff had extended the time to respond until November 7, 2008, when Plaintiff asked the Defendant when said response would be forthcoming."  Defendant's Response, p. 2.  Under Fed. R. Civ. P. 29(b), the parties may stipulate that procedures governing discovery be modified, absent inapplicable exceptions.  Defendant presents no evidence of a Rule 29 stipulation.  There is no evidence of any relevant contact between the parties within the thirty days following service of the interrogatories. The record reveals that, when Defendant failed to

tender a  response to Plaintiff's discovery requests, Plaintiff's attorney contacted defense counsel by letter, expressly indicating Plaintiff's position that Defendant had waived any objections to the requests.  Plaintiff's Memorandum), Ex. 3.  There is nothing in the record to indicate any subsequent change in this position; the remainder of the correspondence presented deals with Plaintiff's attempts to secure the requested information with enough time to review it prior to depositions.  Clearly, Defendant's objection to Plaintiff's First Interrogatory No. 6 is untimely.

Under Fed. R. Civ. P. 33(b)(4), the Court may excuse the failure to file a timely objection for good cause shown.  Defendant offers no explanation or justification for its failure to state its objection within thirty days of service, and the Court's review of the record reveals none.  All record discussions regarding a production date of November 7, 2008 occurred after the thirty day window had passed and after Plaintiff had stated his position that any objections were waived.  Defendant asserts that Plaintiff was not prejudiced by the delay; however, lack of prejudice does not equate to good cause.  Furthermore, Defendant fails to identify any facts which would support a finding that waiver would be an unduly harsh sanction in the instant case.  See Applied Systems, Inc. v. Northern Ins.

Co. of New York, 1997 WL 639235, *3 (N.D. Ill. Oct. 7,1997).  Therefore,

the Court finds that Defendant waived any objection to Plaintiff's First

Interrogatory No. 6 by failing to state such in a timely manner.  See Lock

Realty Corp. v. U.S. Health L.P., 2008 WL 4372411, *2 (N.D. Ind. Sept. 22,

2008).  Defendant is ordered to respond to Plaintiff's First Interrogatory

No. 6.

>    B.  Plaintiff's First Request for Production Nos. 4, 9, 10, 11, 12, 14,
>    15, 16, 19, 21, and 23

Plaintiff seeks to compel Defendant to respond to Plaintiff's First

Request for Production of Documents Nos. 4, 9, 10, 11, 12, 14, 15, 16, 19,

21, and 23.[1]  Defendant objected to each of these requests in its Response

to Plaintiff's First Request for Production of Documents.[2]  Plaintiff's

Memorandum, Ex. 2.  Plaintiff argues that all of these objections have been

waived because they were not timely raised.  The Court agrees.

Under Fed. R. Civ. P. 34(b)(2)(A), a party to whom a document

request is directed must respond in writing within thirty days after being

served, although a longer time may be stipulated to under Rule 29 or be

---

[1]The Court notes that, in an apparent typographical error, Defendant's Response to Plaintiff's First Request for Production of Documents contains two requests numbered 21.  Plaintiff's Memorandum, Ex. 2, p. 8. Defendant objected to both of these requests.

[2]Defendant objected to Request to Produce No. 19 in part and produced some responsive documents.  Defendant objected to each of the other requests in full.

ordered by the Court.  Unlike Rule 33, discussed supra, Rule 34 does not

contain express waiver language regarding untimely objections.  However,

courts in this circuit have interpreted Rule 34 as containing an implicit

waiver provision to parallel Rule 33(b)(4).  See, e.g., Stelor Productions,

Inc. v. Oogles N Googles, 2008 WL 5062786, *1 (S.D. Ind. Nov. 21, 2008);

In re Thomas Consolidated Industries, Inc., 2005 WL 3776322, *7 n.2 (N.D.

Ill. May 19, 2005);  Hobley v. Chicago Police Commander Burge, 2003 WL

22682362, *3 n.2 (N.D. Ill. Nov. 12, 2003).

The relevant facts mirror those discussed in connection with Plaintiff's

First Interrogatory No. 6.  Plaintiff's First Request for Production of

Documents was served on September 5, 2008.  Defendant served its

objections two months later, on November 6, 2008.  No court order

modified the time to respond, and there is no evidence that Plaintiff

stipulated to an extension as allowed by Rule 29.  See Fed. R. Civ. P.

34(b)(2)(A).  The October 15, 2008 letter clearly stated Plaintiff's position

that Defendant had waived any objections to the discovery requests, and

nothing in the record indicates a subsequent change to this position.

Defendant again offers no explanation or justification for its failure to state

the objections within thirty days of service, and the Court's review of the

record reveals none.  Thus, Defendant fails to establish good cause for its failure to state the objections within thirty days of being served. Additionally, Defendant has failed to identify facts sufficient to support a finding that waiver would be an unduly harsh sanction in the instant case. While Defendant generally asserts that many of the challenged requests are burdensome, it provides the Court with no concrete information to consider in analyzing this claim.  Furthermore, the Agreed Protective Order (d/e 175) in place in the instant case will prevent any harm to third parties that might arise out of the requested disclosures.  Therefore, the Court finds that Defendant waived its objections to Plaintiff's First Request for Production of Documents Nos. 4, 9, 10, 11, 12, 14, 15, 16, 19, 21, and 23 by failing to state them within thirty days after being served.  Defendant is ordered to respond to Plaintiff's First Request for Production of Documents Nos. 4, 9, 10, 11, 12, 14, 15, 16, 19, 21, and 23.

### C.  Plaintiff's First Interrogatories Nos. 2, 3, and 5

Plaintiff asks the Court to compel Defendant to provide a complete answer to Plaintiff's First Interrogatories Nos. 2, 3, and 5.  Plaintiff asserts that Defendant's answers to these interrogatories erroneously refer Plaintiff generally to various depositions and its initial disclosures.  The burden is

on Plaintiff to explain how the discovery responses submitted by Defendant are inadequate.  See Design Basics, Inc. v. Granite Ridge Builders, Inc., 2007 WL 1830809, *2 (N.D. Ind. June 21, 2007) (citing James Wm. Moore, 7 Moore's Federal Practice § 37.05[5] (3rd ed.)).  Thus, the Court limits its analysis to the alleged shortcomings identified by Plaintiff.  The Motion to Compel is allowed, in part, as it relates to these interrogatories, as set forth below.

Plaintiff's First Interrogatory No. 2 asks Defendant to identify conversations on certain relevant topics in which managing officials participated, to state whether any documents were discussed, created, or reviewed for each conversation, and to identify any documents about the conversation topic either before or after such conversation.  In relevant part, Defendant responded to Plaintiff's First Interrogatory No. 2 as follows: "Too numerous to list, but see deposition [sic] of William Rouse and Donald Kliment in which these questions were asked and answered in length and witnesses listed in the Initial Disclosures and the information relevant to the Complaint."  Plaintiff's Memorandum, Ex. 1, p. 2.  In response to the Motion to Compel, Defendant has provided fourteen pages of what it characterizes to be the relevant excerpts from the Rouse and Kliment depositions.

<u>Defendant's Response</u>, Ex. F.

Under Fed. R. Civ. P. 33(b)(3), "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Rule 33(d) creates an option of producing business records in cases where the answer to an interrogatory may be determined by examining a party's business records and the burden of deriving the answer is the same for either party.  <u>Fed. R. Civ. P.</u> 33(d).  Neither depositions nor initial disclosures qualify as business records.  Thus, Defendant erred in referring to these documents generally in its response to Plaintiff's First Interrogatory No. 2.  The Court, however, deems the excerpts of deposition provided in response to the Motion to Compel to be sufficiently specific and will not compel further response related to these documents.  Defendant may not cite generally to its Initial Disclosures, but must supplement its response to specifically identify which witnesses listed in its Initial Disclosures are responsive to Plaintiff's First Interrogatory No. 2.

Plaintiff's First Interrogatory No. 3 asks Defendant to identify the individuals who made each of nine expressly identified decisions, to state whether each decision maker talked to or consulted anyone else regarding

the decision, and to identify any person, document, or thing upon which the decision maker relied in making the decision.  Defendant responded to Plaintiff's First Interrogatory No. 3 in part as follows: "See deposition of William Rouse, Donald Kliment and Timothy Davlin in which these questions were asked and answered in length and Initial Disclosures for the documents that correspond to said interrogatory."  Plaintiff's Memorandum, Ex. 1, p. 3-4.  Defendant then identified decision makers for seven of the nine expressly identified decisions and asserted that it had no knowledge of an eighth.  Defendant's response fails to in any way address the decision to search Plaintiff's computer listed as Plaintiff's First Interrogatory No. 3(e).

The Court has reviewed Defendant's response to Plaintiff's First Interrogatory No. 3, together with proffered excerpts from the Rouse, Kliment, and Davlin depositions, and finds Defendant's response to be incomplete.  Defendant's Response, Ex. F & G.  As previously noted, Defendant's response fails to in any way address the decision to search Plaintiff's computer listed as Plaintiff's First Interrogatory No. 3(e).  Defendant's Response to the Motion to Compel asserts that its responses to Interrogatories Nos. 2 and 4 stated that Defendant has no knowledge of

anyone searching Plaintiff's computer.  If this is the case, Defendant should so state in response to Plaintiff's First Interrogatory No. 3, because each interrogatory must be answered separately and fully.  Defendant further fails to state whether each decision maker talked to or consulted anyone else regarding the decision, which it must do.  Finally, Defendant must identify which documents included in its Initial Disclosures are responsive to Plaintiff's First Interrogatory No. 3.  Defendant is ordered to supplement its response to Plaintiff's First Interrogatory No. 3 as set forth above.

Plaintiff's First Interrogatory No. 5 asks Defendant to identify each person that it believes is a witness to any fact or circumstance that contributed to or influenced the decision to transfer Plaintiff from the criminal investigations division to patrol and to describe the fact or circumstances about which the witness has knowledge.  Interrogatory No. 5 further asks Defendant to state the date on which the witness saw or heard the fact or circumstance and to identify any conversation with a witness or any document containing a statement by a witness about his/her relevant knowledge.  Defendant responded as follows: "Too numerous to list, but see deposition of William Rouse and Donald Kliment in which these questions were asked and answered in length and response to Initial

Disclosures and the documents presented with the Initial Disclosures that correspond to said interrogatory." Plaintiff's Memorandum, Ex. 1, p. 5.  The Court, again, deems the excerpts of the Rouse and Kliment depositions provided in response to the Motion to Compel to be sufficiently specific and will not compel further response related to these documents.  See Defendant's Response, Ex. F.  The Court notes that, in its Response to the Motion to Compel, Defendant directs that Court to excerpts from the deposition of Michael Geiger as well.  See Defendant's Response, p. 5 & Ex. H.  To the extent Defendant believes that the excerpts of the Geiger Deposition are responsive to Plaintiff's First Interrogatory No. 5, it should supplement its response to so state.  Additionally, Defendant may not cite generally to its Initial Disclosures.  Defendant is directed to supplement its response to specifically identify which portions of its Initial Disclosures and which documents presented are responsive to Plaintiff's First Interrogatory No. 5.

D.  Plaintiff's First Interrogatory No. 7

Plaintiff's First Interrogatory No. 7 relates to the twelve Affirmative Defenses pled in Defendant's Answer to Second Amended Complaint (d/e 173).  For each defense, Interrogatory No. 7 asks Defendant to state the

facts upon which it bases the defense, to identify any person known to have personal knowledge of each fact, and to identify any document that memorializes any fact or otherwise supports its assertion of the affirmative defenses.  Defendant responded as follows: "Said affirmative defenses are self-explanatory.  It is unknown at this time all claims the Plaintiff will raise; therefore, any claims outside the applicable statute of limitations period will be contested."  <u>Plaintiff's Memorandum</u>, Ex. 1, p. 7.  This response is incomplete.  Contention interrogatories are allowed under the Federal Rules.  <u>Fed. R. Civ. P.</u> 33(a)(2).  Defendant's Affirmative Defenses are not self-explanatory as to the information sought in Plaintiff's First Interrogatory No. 7.  Several of Defendant's affirmative defenses are factual in nature.  <u>Answer to Second Amended Complaint</u>, p. 4-6.  Defendant must provide a complete answer to Interrogatory No. 7 with respect to those defenses.  Defendant should also identify legal defenses as such.  Defendant asserts that contention interrogatories are proper only after considerable discovery has been undertaken.  As Defendant acknowledges several times in its Response to the Motion to Compel, extensive discovery was conducted in this case prior to consolidation.  Furthermore, Defendant's response to Interrogatory No. 7 did not indicate the need for additional information on

any defense other than the statute of limitations (Eleventh Affirmative

Defense).  The Motion to Compel is allowed with respect to Plaintiff's First

Interrogatory No. 7.

E.  Plaintiff's First Interrogatory No. 8

Plaintiff's First Interrogatory No. 8 relates to the Fifth Affirmative

Defense, which asserts that, to the extent Defendant impermissibly

considered any unlawful factor in taking employment action against

Plaintiff, Defendant would have taken the same action in the absence of

impermissible motive.  Interrogatory No. 8 asks Defendant to identify each

action claimed to be taken in connection with the Fifth Affirmative Defense,

to identify any person who has personal knowledge of the action, and to

identify any document that supports the claim that Defendant took action in

good faith.  Defendant responded as follows: "The Fifth Affirmative Defense

relates to the claims made by Plaintiff in his Complaint, which are outlined

in detail in said Complaint; except for releasing the Plaintiff's application for

disability benefits, which did not occur by any action of the Plaintiff.  The

documents that contain evidence of this are contained in the Initial

Disclosures."  Plaintiff's Memorandum, Ex. 1, p. 7.

Plaintiff asserts that this answer is non-responsive and improperly refers to the Initial Disclosures generally.  The Court agrees with both points.  The first sentence of Defendant's response does not answer the question asked.  Additionally, Defendant fails to identify any witnesses. Moreover, Defendant again improperly directs Plaintiff to generally to documents contained in its Initial Disclosures.  Defendant's Response to the Motion to Compel asserts that requiring Defendant to name every responsive document would be burdensome and time consuming. Defendant, however, failed to timely object to Plaintiff's First Interrogatory No. 8; this argument is, therefore, waived.  The Motion to Compel is allowed as it relates to Plaintiff's First Interrogatory No. 8.  Defendant must provide a complete answer to the interrogatory and specifically identify which documents produced in its Initial Disclosures it deems to be relevant to Interrogatory No. 8.

E.  Plaintiff's First Interrogatory No. 10

Plaintiff's First Interrogatory No. 10 relates to Defendant's denial of allegations contained in ¶ 8 of Plaintiff's Second Amended Complaint. Among other things, the interrogatory asks Defendant to identify documents memorializing or supporting the facts relied upon in making

each denial.  Defendant responds in relevant part as follows: "The

documents provided to Plaintiff's counsel supports [sic] these assertions."

<u>Plaintiff's Memorandum</u>, Ex. 1, p. 8.  Plaintiff contends that Defendant

erroneously fails to identify any specific documents and fails to associate

the documents with the relevant denials.  The Court agrees.  When a

responding party elects to answer an interrogatory by producing relevant

business records, that party must specify the records that must be

reviewed in sufficient detail to allow the requesting party to locate and

identify the records as readily as the responding party could.  <u>Fed. R. Civ.

P.</u> 33(d)(1).  Defendant's response to Interrogatory No. 10  provides no

description of the relevant documents.  Defendant's Response to the

Motion to Compel asserts that requiring Defendant to name every

responsive document would be burdensome and time consuming;

however, Defendant waived this objection by failing to raise it in a timely

manner.  The Motion to Compel is allowed with respect to Plaintiff's First

Interrogatory No. 10, and Defendant is directed to identify the documents

relevant to Plaintiff's First Interrogatory No. 10 with specificity and to

indicate the denial to which each document is relevant.

F.  Plaintiff's First Interrogatory No. 11

Plaintiff's First Interrogatory No. 11 relates to Defendant's denial of the allegation contained in ¶ 9 of Plaintiff's Second Amended Complaint that the acts alleged in the Complaint and the manner in which they were carried out differed from treatment afforded similarly situated white officer and officers who have not opposed race discrimination in the SPD. Interrogatory No. 11 asks Plaintiff to identify facts, witnesses, and documents that support the denial.  Defendant responded as follows: "The allegations stated in Paragraph 9 are for the Plaintiff to prove, not the Defendant to disprove.  The Defendant is not aware of any facts that would support the Plaintiff's assertion in Paragraph 9."  Plaintiff's Memorandum, Ex. 1, p. 9.  Plaintiff contends that this response in inadequate and that Defendant misreads the interrogatory.  The Court disagrees.  Defendant's response clearly indicates that it is unaware of any facts supporting Plaintiff's claim of disparate treatment.  Plaintiff fails to explain how this response is incomplete.  The Motion to Compel is denied as it relates to Plaintiff's First Interrogatory No. 11.

G.  Plaintiff's First Request for Production of Documents Nos. 1 & 2

Plaintiff's Request to Produce No. 1 asks Defendant to "[p]rovide each document reviewed, consulted or relied upon to respond to Plaintiff's First Interrogatories directed to Defendant." Plaintiff's Memorandum, Ex. 2, p. 1.  Plaintiff's Request to Produce No. 2 asks Defendant to "[p]rovide each document identified in response to Plaintiff's First Interrogatories directed to Defendant." Id.  Plaintiff asserts that, because Defendant's responses to the First Interrogatories were inadequate, the responses to Requests to Produce Nos. 1 and 2 are inadequate as well.  Clearly, Defendant has a duty to supplement its responses to Requests to Produce Nos. 1 and 2 in the event Defendant learns that its response is incomplete in some material respect and the additional information has not otherwise been made known to the requesting party.  See Fed. R. Civ. P. 26(e).  At this stage, the Court does not deem Defendant's responses to Requests to Produce Nos. 1 and 2 to be inadequate.  However, Defendant should be mindful of its obligations under Rule 26(e) when providing the Court ordered supplemental responses set forth above.

THEREFORE, Plaintiff Rickey B. Davis' Motion to Compel Discovery (d/e 181) is ALLOWED, in part, and DENIED, in part.  Defendant is

directed to respond to Plaintiff's First Interrogatory No. 6 and Plaintiff's First Request for Production of Documents Nos. 4, 9, 10, 11, 12, 14, 15, 16, 19, 21, and 23.  Defendant is also ordered to provide supplemental responses to Plaintiffs' First Interrogatories Nos. 2, 3, 5, 7, 8, and 10 as set forth above.  The Motion is denied in all other respects.  Under Rule 37(a)(5)(C), when a Rule 37 Motion is allowed, in part, and denied, in part, the Court may, after affording opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion.  Given the circumstances of the instant case and the disposition of the pending Motion to Compel, the Court deems it appropriate for each party to bear his or its own expenses. Defendant is directed to produce the additional discovery required under this order on or before February 13, 2009.[3]

IT IS THEREFORE SO ORDERED.

ENTER:     January 30, 2009.

FOR THE COURT:

s/ Byron G. Cudmore

_____

BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE

---

[3]This date may be able to be adjusted / extended if Judge Scott grants the pending Motion to Amend (d/e 15).