IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3168 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

Plaintiff Rickey B. Davis appeals the Opinion of United States Magistrate Judge Byron G. Cudmore entered April 1, 2009 (d/e 221) (Opinion) allowing the Motion to Quash Davis' subpoena served on non-party Dusty Rhodes.  <u>Plaintiff's Notice of Appeal to the District Judge of the Magistrate Judge's Decision Granting a Motion to Quash his Subpoena (d/e 224)</u>.  For the reasons set forth below, the Court finds that Judge Cudmore's decision was neither clearly erroneous nor contrary to law.  The Court therefore affirms the Opinion.

STATEMENT OF FACTS

Davis alleged that Defendant City of Springfield, Illinois, retaliated

1

against him for speaking out against racial discrimination within the Springfield Police Department in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the First Amendment. Second Amended Complaint (d/e 172) (Complaint); U.S. Const. amend. I; 42 U.S.C. §§ 1981, 1983, & 2000e. One alleged act of retaliation occurred when Davis filed a request for a duty-related disability pension due to depression. He filed the request on September 5, 2006. On September 14, 2006, the Illinois Times, a local weekly newspaper, reported that Davis filed for duty-related disability, citing depression. The story was published under the by line of reporter Dusty Rhodes. Davis stated that he felt humiliated by the disclosure of his claim of depression and withdrew the application. See Plaintiff's Memorandum in Opposition to Motion to Quash Subpoena (d/e 207) (Plaintiff's Opposition), at 2. Davis alleged that the City made this disclosure to Rhodes to retaliate against Davis in violation of his rights under Title VII and the First Amendment. Second Amended Complaint, Count I, ¶¶ 11-13, Count II, ¶¶ 10-14.

During discovery, Davis served a subpoena on Rhodes. The subpoena directed Rhodes to appear for a deposition on February 25, 2009, and to produce for inspection and copying, "any notes or documents concerning

Rickey Davis' request for disability retirement as reported by you on or about 9/14/06." Plaintiff's Opposition, Exhibit 4, Subpoena issued January 9, 2006. Rhodes filed a Motion to Quash arguing that the subpoena imposed an undue burden on her and, alternatively, that compliance with the subpoena would require disclosure of a trade secret or other confidential research information. Motion to Quash Plaintiff's Subpoena (d/e 203), at 1-2.

Judge Cudmore reviewed the subpoena to determine whether the subpoena imposed an undue burden on Rhodes. Opinion, at 4; Fed. R. Civ. P. 45(c)(3)(A)(iv). Judge Cudmore noted that Davis narrowed his subpoena request to: (1) the identity of the person who disclosed Davis' assertion in his application that he suffered from depression, and (2) the opportunity to examine any notes or summaries of Rhodes' interview of the informant. Opinion, at 5. Judge Cudmore, therefore, allowed the Motion to Quash to the extent that the face of the subpoena sought additional information. Davis does not appeal this aspect of Judge Cudmore's decision.

Judge Cudmore then analyzed the subpoena to determine whether the request was reasonable under the circumstances. Judge Cudmore stated that there was no federal reporter privilege. Opinion, at 6-7 (citing McKevitt v.

Pallasch, 339 F.3d 530, 533 (7th Cir. 2003)). Judge Cudmore analyzed the limited request under the relative hardship test, applied by the Seventh Circuit, to determine whether the burden of compliance on Rhodes exceeded the benefit of production to Davis. Opinion, at 7; Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 927-33 (7th Cir. 2004).

Judge Cudmore initially noted that non-parties, such as Rhodes, are entitled to somewhat greater protection in evaluating the burden of a discovery request. Opinion, at 7-8. Judge Cudmore found that Rhodes would be burdened by the disclosure of a confidential source. Judge Cudmore found that Rhodes' ability to gather and report news would be inhibited if Rhodes could not assure a confidential source of confidentiality. Opinion, at 8 (quoting McKevitt, 339 F.3d at 532). Judge Cudmore also considered the impact on the public interest in the dissemination of the news as an additional burden because disclosure would impede Rhodes' ability to report the news. Opinion, at 10.

Judge Cudmore then discussed the benefit of disclosure to Davis. Judge Cudmore first noted that this is a civil matter so the disclosure did not implicate the obligation to assist criminal prosecutions. Judge Cudmore also considered the availability of the information from other sources as a

factor.  Id., at 12.  Judge Cudmore found that the information had only been disclosed to a limited number of people by the time that the Illinois Times published the story.  Judge Cudmore found that Davis could secure the same information from those individuals.  The Court found that the availability of the information from other sources was a factor that lessened the burden on Davis if Rhodes was not obligated to comply with the subpoena.  In weighing these factors, Judge Cudmore found that the burden on Rhodes outweighed the benefit to Davis.  Judge Cudmore, thus, quashed the subpoena.  Opinion, at 14-15.  Davis appeals from that decision.

## ANALYSIS

This Court reviews the Opinion to determine whether the decision was clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Judge Cudmore accurately recited the applicable legal principles.  Thus, the issue is whether Judge Cudmore's application of those principles in this case was clearly erroneous.  A decision is clearly erroneous if, on reviewing the evidence, this Court is, "left with the definite and firm conviction that a mistake has been committed."  Matter of Thirtyacre, 36 F.3d 697, 700 (7th Cir. 1994).  The Court sees no clear error in Judge Cudmore's decision.  Judge Cudmore evaluated the burden on Rhodes and

the benefit to Davis and concluded that the burden outweighed the benefit. Under the evidence before Judge Cudmore, this Court is not convinced that his evaluation of the evidence was clearly erroneous.

Davis argues that Judge Cudmore effectively recognized a journalist privilege. Davis is incorrect. Judge Cudmore stated that no such federal privilege existed. Rather, Judge Cudmore evaluated the benefits and the burdens under the relative hardship test set forth in Northwestern Memorial Hosp. v. Ashcroft.[1] Opinion, at 7-15.

Davis argues that Judge Cudmore did not consider the significance of the evidence sought. The Court again disagrees. Judge Cudmore described Davis' claim and the nature of the evidence that he sought from Rhodes. Opinion, at 3. He considered this in evaluating the benefit to him from disclosure.

Davis argues that Judge Cudmore imposed an exhaustion obligation on him by determining that Davis could secure the information from other

---

[1] Judge Cudmore could have also considered the existence of the state reporter privilege in Illinois. 735 ILCS 5/8-901 et seq. State privileges do not apply in federal court, but concerns for comity allow the Court to consider the existence of such privileges in evaluating the burden imposed on persons protected by such privileges in state court. Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d at 933. This would be another factor that would indicate that the burden imposed by disclosure would have been even greater.

sources. This is again incorrect. Judge Cudmore specifically stated that no exhaustion requirement existed. Opinion, at 11. Rather, Judge Cudmore evaluated the relative benefits and burdens on Davis and Rhodes. In evaluating those matters, he considered the availability of the information from other sources. This is entirely proper. See Bond v. Utreras, 2006 WL 1806387, at *6 (N.D.Ill. 2006). Under the facts, the Court cannot say that his evaluation of this matter was clearly erroneous.

Finally, Davis argues that Judge Cudmore incorrectly evaluated the burden imposed on Rhodes by enforcing the subpoena. Judge Cudmore determined that the burden imposed included the inability to keep a confidential source confidential. Opinion, at 8-9. Davis argues that in this case the desire to keep the source confidential is not a factor because the source is a bad source who violated Illinois law when she or he provided the information to Rhodes. Davis argues that the source violated the Illinois Mental Health and Developmental Disabilities Confidentiality Act (Act). 740 ILCS 110/1.[2] There is no evidence of any violation of the Act. The Act

---

[2]Davis also makes a passing reference to the Americans with Disabilities Act (ADA). Plaintiff's Memorandum of Law in Support of His Appeal From the Magistrate Judge's Decision Quashing His Subpoena (d/e 225), at 10. Davis did not present any factual or legal analysis of the applicability of the ADA to this circumstance. The Court will not consider Davis' passing reference to the ADA.

generally prohibits disclosure of a patient's records without the patient's written consent. 740 ILCS 110/3, 110/4, 110/5. The Act defines records as, "any record kept by a therapist or by an agency in the course of providing mental health or developmental disabilities services to a recipient concerning the recipient and the services provided." 740 ILCS 110/2. There is no showing that anyone at the City had a copy of any document that met this definition. Rather, the City had a copy of Davis' disability pension application. He wrote the word "depression" on the application, but that act did not transform the application into a "record" under the Act. Davis makes no showing that anyone violated the Act by talking to Rhodes. Judge Cudmore, therefore, was not clearly erroneous in considering the loss of the confidentiality of her sources as a burden to Rhodes. Judge Cudmore's evaluation of the relative burdens and benefits was not clearly erroneous.

      THEREFORE, the Court rules on Plaintiff's Notice of Appeal to the District Judge of the Magistrate Judge's Decision Granting a Motion to Quash his Subpoena (d/e 224) and AFFIRMS the Opinion of United States Magistrate Judge Byron G. Cudmore entered April 1, 2009 (d/e 221).

IT IS THEREFORE SO ORDERED.

ENTER:  April 28, 2009

    FOR THE COURT:

                                          s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE

3:04-cv-03168-JES-BGC   # 238   Page 9 of 9

9