# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3168 |
| | ) | *consolidated with* |
| | ) | No. 07-3096 |
| CITY OF SPRINGFIELD, ILLINOIS, a Municipal Corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on a Motion to Quash or Modify Amended Notice of Deposition and Protective Order under Rule 26 (d/e 228) (Motion to Quash) filed by Defendant City of Springfield, Illinois. On April 2, 2009, Plaintiff filed a Second Amended Notice of Deposition (d/e 222) (Notice of Deposition), directing a Fed. R. Civ. P. 30(b)(6) deposition of the Defendant to address information related to fifteen specifically identified topics. Defendant filed the instant Motion to Quash, asking the Court to enter a Fed. R. Civ. P. 26(c) protective order on nine of the fifteen topics. This Court has jurisdiction to consider this matter

pursuant to 28 U.S.C. § 636(b)(1)(A). Defendant's Motion contains the requisite Fed. R. Civ. P. 26(c)(1) certification. For the reasons set forth below, the Motion to Quash is allowed, in part, and denied, in part.

## BACKGROUND

Plaintiff is an African-American male who was at all relevant times employed by the Defendant as a police officer with the rank of Lieutenant. According to the Second Amended Complaint (d/e 172), Plaintiff has previously filed claims of race discrimination and retaliation against Defendant and has spoken out against race discrimination in the City of Springfield and the Springfield Police Department (SPD). The instant matter is a consolidation of Case No. 04-3168 and Case No. 07-3096. Case No. 04-3168 was tried to a jury in September 2007. The jury was unable to reach a verdict on Plaintiff's Title VII claim that Defendant did not promote Plaintiff to Deputy Chief of the SPD's Criminal Investigations Division (CID) in retaliation for his speaking out about race discrimination in the SPD and/or filing charges of race discrimination against the SPD. Thus, this claim remains. In Case No. 07-3096, Plaintiff alleges claims of race discrimination and retaliation under Title VII (Count I) and 42 U.S.C. §§ 1981 & 1983 (Count II). Plaintiff alleges that Defendant discriminated

and retaliated against him by taking action affecting the terms and conditions of his employment, issuing unwarranted discipline against him, wrongfully initiating and mishandling Internal Affairs matters against him, transferring him from the CID to the patrol unit, transferring him from the day shift to the midnight shift and then to the second shift, and releasing confidential medical information about Plaintiff to the general public without his consent.  See Second Amended Complaint.  According to Plaintiff, as a direct result of Defendant's conduct, he was constructively discharged and resigned from the SPD on January 3, 2007.  Id.

ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  Under Rule 26(c), however, the Court may, for good cause shown, issue an order to protect a party from whom discovery is sought "from annoyance, embarrassment, oppression, or

undue burden or expense." Fed. R. Civ. P. 26(c)(1). Additionally, Rule 26(b)(2) provides as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

Under Rule 26(c), "[t]he burden is on the party seeking the protective order to demonstrate that good cause exists for the entry of the order by making a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" Catt v. Affirmative Ins. Co., 2009 WL 1228605, at *3 (N.D. Ind. April 30, 2009) (quoting Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981); citing Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 858 (7th Cir. 1994)). Additionally, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order

is appropriate and what degree of protection is required." <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 36, (1984). The Court addresses the disputed topics with these principles in mind.

    A. <u>Topic No. 4</u>

Topic No. 4 requests examination on "[t]he IT terminology on and the contents of documents numbered RD07-000310-314, 317-320, 334-614, 000268." <u>Notice of Deposition</u>, p. 2. The documents numbered RD07-000310-314, 317-320, 334-614 are filed as a sealed exhibit (d/e 232), labeled Ex. 3 to Defendant's Memorandum of Law in Support of its Motion to Quash or Modify Amended Notice of Deposition and Protective Order under Rule 26 (d/e 229) (Defendant's Memorandum). Document 000268 is not included in Ex. 3. These documents are paper copies of information obtained from Defendant's computers by a third-party forensic computer expert in connection with this Court's Case No. 03-3007. The parties agree that the documents contain pornographic material. A review of the documents reveals that they contain lines of technical information interspersed throughout.

Defendant's Memorandum seems to indicate that no current or former employee of Defendant can interpret the IT terminology contained in the documents. Defendant's Memorandum, p. 3. If this is the case, Defendant is directed to provide Plaintiff with a sworn statement stating such. Under the Federal Rules, organizational designees are only required to testify about information that is "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). If the information requested is not known to the Defendant, it is as easy for Plaintiff to contact the third-party forensic computer expert as it is for Defendant to do so. If, however, Defendant is capable of interpreting the technological terminology, it must produce a designee to do so. Misuse of SPD computers by other officers is relevant to Plaintiff's argument that he was unjustifiably disciplined for computer misuse. Defendant asserts that Plaintiff's computer-related discipline, which occurred in 2004, is outside the statute of limitations applicable to the instant case. It is not appropriate for this Court, at the discovery stage, to determine whether the 2004 discipline can form a basis for recovery. The question before this Court is whether the requested information should be produced in discovery. Evidence relating to Plaintiff's 2004 discipline and the discipline given to other officers in similar

situations could be relevant to show retaliatory intent, for example, even if the 2004 discipline cannot form an independent basis for recovery.  Thus, the Motion to Quash is allowed, in part, with respect to Topic 4.  The deposition request will be quashed in the event Defendant provides Plaintiff with a sworn statement showing that no current or former employee of Defendant can interpret the IT terminology contained in the documents.  The Motion is denied in all other respects.

    B.  Topic No. 5

Topic No. 5 requests examination on steps taken by Defendant, including investigation and discipline, after it had knowledge of the computer misuse shown in RD07-000310-314, 317-320, 334-614, and 000268.  Notice of Deposition, p. 2.  Defendant asserts that this information has already been provided to Plaintiff, in documents contained in Defendant's Memorandum, Ex. 4; that Kliment has testified on the topic three times, see Defendant's Memorandum, Ex. 5; and that the information is irrelevant to Plaintiff's claims and time-barred.  Defendant's Ex. 4 contains six SPD Internal Affairs reports, from investigations initiated in February 2005.  Defendant characterizes Ex. 4 as "documents illustrating the officers and supervisory staff that were disciplined."  Defendant's

Memorandum, p. 3.  However, two of the reports indicate that the charges were not sustained and no discipline was imposed; thus, the documents appear to illustrate officers and staff who were investigated, which could be responsive to Topic 5.  Defendant's Memorandum, Ex. 4, p. 1-2, 9-10.  However, the context in which the documents contained in Ex. 4 were produced is unclear to the Court.  Without context, the Court cannot say that the documents in Ex. 4 reveal all steps taken by Defendant after discovery of the computer misuse shown in RD07-000310-314, 317-320, 334-614, and 000268.  Similarly, the Kliment deposition testimony that has been provided does not appear to completely address Topic No. 5.  Indeed, at one point, Kliment testifies that he did not recall seeing a document which appears to be part of Ex. 3.  See Defendant's Memorandum, Ex. 3 at RD07-000320 & Ex. 4, p. 5.   Defendant's relevancy argument also fails.  Information relating to the way in which the Defendant handled computer misuse by other officers could be relevant to show retaliatory intent, for example, even if Plaintiff's 2004 discipline cannot form an independent basis for recovery.  The Motion to Quash is denied with respect to Topic 5.

C.  Topic No. 7

Topic 7 requests examination on the total number of employees employed by the City of Springfield in the years 2003, 2004, 2005, and 2006.  Notice of Deposition, p. 2.  According to Defendant, this information is irrelevant to Plaintiff's claims and is being sought to annoy and harass the Defendant.  The Court does not deem this request to be annoying or harassing.  However, the Court does not find this type of information for the City as a whole to be particularly relevant to Plaintiff's claims.  Additionally, the arguments for relevancy set forth in Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash and for a Protective Order (d/e 234) (Plaintiff's Memorandum), relate to Topics 8 and 9, and Plaintiff fails to explain his need for this information for the City as a whole.  Given its questionable relevance, at this point in the litigation, the Court finds that the burden of compliance outweighs any possible benefit from examination on Topic 7.  The Motion to Quash is allowed as it relates to Topic 7.

D.  Topic No. 8

Topic No. 8 requests examination on the total number of sworn officers employed by the SPD in the years 2003, 2004, 2005, and 2006 while Kliment was Chief of Police.  Notice of Deposition, p. 2.  Defendant

asserts that this information is irrelevant to Plaintiff's claims and is being sought to annoy and harass the Defendant. Topic 8, however, would be relevant to the reasonableness of Plaintiff's belief that racial discrimination existed within the SPD, a necessary element of his Title VII retaliation claims. See Opinion (d/e 86),dated September 19, 2006, p. 26-28. The request is straightforward, and the information should be readily accessible to Defendant. The Court does not find the request to be either annoying or harassing in nature. The Motion to Quash is denied with respect to Topic No. 8

### E. Topic No. 9

Topic 9 requests examination on the number of African-American sworn officers hired, promoted, and fired by the SPD in the years 2003, 2004, 2005, and 2006 while Kliment was Chief of Police. Notice of Deposition, p. 2. Defendant asserts that this information is irrelevant to Plaintiff's claims and is being sought to annoy and harass the Defendant. Again, the information would be relevant to the reasonableness of Plaintiff's belief that racial discrimination existed within the SPD, and again, the request is straightforward and not of a harassing nature. The Court, however, deems it reasonable to limit the examination on Topic No. 9 to

avoid undue duplication at this advanced stage of the litigation. The record reveals that Kliment was Chief of Police from June 2003 to June 2007. The Court has recently compelled Defendant to provide written discovery that would contain information as to the number of African-American sworn officers hired and fired during Kliment's tenure. Opinion (d/e 246), dated May 29, 2009, p. 18 (date of termination), 24-25 (hired). The written discovery ordered by the Court included promotion information for the African-American sworn officers who had been hired during Kliment's tenure, but not for all African-American sworn officers. See id., p. 24-25. Thus, the Court limits the scope of examination under Topic No. 9 to the number of African-American sworn officers promoted by the SPD in the years 2003, 2004, 2005, and 2006 while Kliment was Chief of Police.

F.  Topic No. 11

Topic No. 11 requests examination on the salary and other compensation, including costs paid for benefits and pension, for sworn officers employed as Lieutenant for the period from October 2003 to the present. Notice of Deposition, p. 3. Plaintiff contends that he needs this information to calculate back pay and lost benefits. According to Defendant, this type of information is irrelevant because Plaintiff was not

constructively discharged. Defendant further asserts that the request is made to annoy and harass the Defendant. Defendant's argument that Plaintiff was not constructively discharged is misplaced in this discovery dispute, because Plaintiff's constructive discharge claim remains pending. Plaintiff held the rank of Lieutenant at the time he left employment with the Defendant. The type of information requested under Topic No. 11 is relevant to his constructive discharge claim. However, the Court deems the time period for which Plaintiff seeks information to be excessive. Plaintiff has represented to the Court that he was constructively discharged on March 1, 2007. See Opinion (d/e 246), p. 15 n.1. Thus, the Court limits the scope of examination under Topic No. 11 to the period from March 1, 2007 forward.

    G. Topic No. 12

Topic No. 12 requests examination on the salary and other compensation, including costs paid for benefits and pension, for sworn officers holding a Deputy Chief position for the period from October 2003 to the present. Notice of Deposition, p. 3. Defendant asserts that this type of information is irrelevant and that the request is made to annoy and harass the Defendant. As it relates to the period from March 1, 2007 forward, the

information requested under Topic No. 12 is relevant to Plaintiff's constructive discharge claim. Plaintiff, however, fails to identify a basis for the remainder of the request other than the failure to promote claim. The failure to promote claim was tried in Case No. 04-3168. Fact discovery in Case No. 04-3168, other than the Kliment deposition, closed on April 28, 2006. See Text Order, dated April 6, 2006. There is no basis to reopen discovery on the failure to promote claim at this point in the litigation. Thus, the Court limits the scope of examination under Topic No. 12 to the period from March 1, 2007 forward.

### H.  Topic No. 13

Topic No. 13 requests a Rule 30(b)(6) designee to testify as to "[h]ow pension benefits are and have been calculated since January 2007." Notice of Deposition, p. 3. Defendant asserts that the Motion to Quash should be allowed as it relates to this topic because (1) this information is irrelevant, (2) Defendant "does not get involved in the calculation of pension benefits," and (3) "[i]t would be more appropriate to depose someone from the Springfield Pension Board." Defendant's Memorandum, p. 5-6. The information requested is clearly relevant to Plaintiff's constructive discharge claim. Additionally, Defendant fails to demonstrate

that the information requested is not known or reasonably available to it. See Fed. R. Civ. P. 30(b)(6). Defendant has shown no cause for a protective order relating to Topic No. 13, and the Motion to Quash is denied in this respect.

### I. Topic No. 15

Topic No. 15 seeks examination on all actions Defendant took to investigate death threats made to the Plaintiff in 2004 and 2006 and at any other time. Notice of Deposition, p. 3. Defendant asserts that this information is irrelevant and that information relating to a 2004 death threat has previously been produced. See Defendant's Memorandum, Ex. 8. Plaintiff responds that the information is relevant to his retaliation claim and that the documents labeled Defendant's Ex. 8 have not previously been produced in this litigation. The type of information sought under Topic No. 15 could be relevant to Plaintiff's claim of retaliation. Defendant fails to establish that the documents produced in Ex. 8 would constitute a full answer to this request such that additional discovery would be unreasonably cumulative. Thus, the Motion to Quash is denied with respect to Topic No. 15.

THEREFORE, Defendant's Motion to Quash or Modify Amended Notice of Deposition and Protective Order under Rule 26 (d/e 228) is ALLOWED, in part, and DENIED, in part. Defendant is directed to produce a Rule 30(b)(6) designee for deposition as set forth above. Rule 26(c)(3) directs that Fed. R. Civ. P. 37(a)(5) governs the award of expenses in connection with a Rule 26(c) motion. Under Rule 37(a)(5)(c), when a Rule 37 Motion is allowed, in part, and denied, in part, the Court may, after affording opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion. Given the circumstances of the instant case and the disposition of the pending Motion, the Court deems it appropriate for each party to bear his or its own expenses. The parties are reminded that the Agreed Protective Order (d/e 175) governs all disclosures.

IT IS THEREFORE SO ORDERED.

ENTER:   June 1, 2009

FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE