IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3168 |
| | ) | |
| CITY OF SPRINGFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

Plaintiff Rickey B. Davis appeals the Text Order of United States Magistrate Judge Byron G. Cudmore entered May 7, 2009 (Text Order) denying Davis' Motion to Reopen Fact Discovery Regarding Source for Rhodes' Article (d/e 239) (Motion to Reopen). <u>Plaintiff's Notice of Appeal to the District Judge of the Magistrate Judge's Decision Denying His Motion to Reopen Fact Discovery (d/e 243)</u>. For the reasons set forth below, the Court finds that Judge Cudmore's Decision was not an abuse of discretion. The Court therefore affirms the Text Order.

STATEMENT OF FACTS

Davis filed the first of two consolidated cases on August 3, 2004

1

(2004 Case). Complaint (d/e 1). He claimed that the Defendant City of Springfield, Illinois (City), discriminated against him and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 (Title VII). 42 U.S.C. § 2000e. On April 10, 2007, Davis filed the second case against the City alleging that the City had continued to discriminate and retaliate against him in violation of Title VII and §§ 1981 and 1983 (2007 Case). 2007 Case, Complaint (No. 07-3096 d/e 1).

The 2004 Case was tried by jury beginning on September 10, 2007. On September 14, 2007, the jury found in favor of the City on the discrimination claim, but could not reach a verdict on the retaliation claim. Minute entry entered September 14, 2007. On September 19, 2007, the Court held a telephone status conference to discuss consolidation of the two cases. Davis favored consolidation, but the City opposed it. At the Court's suggestion, Davis agreed to file a written motion to consolidate. The parties also agreed to a trial date of May 20, 2008, for the retrial of the one remaining claim in the 2004 Case. Minute Entry entered September 19, 2007. Davis filed the motion, and the parties briefed the issue. On November 1, 2007, the Court denied the request for consolidation. 2007 Case Order entered November 1, 2007 (No. 07-3096 d/e 13).

2

The Scheduling Conference of the 2007 Case occurred on January 24, 2008. At that time Judge Cudmore entered a Scheduling Order that called for discovery to close on January 10, 2009, and set the trial for June 2, 2009. Case 2007 Scheduling Order entered January 24, 2008 (No. 07-3096 d/e 16).

On April 8, 2008, Davis asked the Court to reconsider consolidation. Davis agreed to dismiss claims against individual Defendants named in the 2007 Case, leaving the City as the sole Defendant. Plaintiffs' Motion to Reconsider Order Denying Motion to Consolidate (No. 07-3096 d/e 19). The City did not oppose consolidation on those terms. Response to Motion to Reconsider Order Denying Motion to Consolidate (No. 07-3096 d/e 22). The Court allowed the Motion, dismissed the individual Defendants in the 2007 Case, and consolidated the two cases. The Court referred the consolidated matter to Judge Cudmore for a new Scheduling Order. 2007 Case Text Order entered April 25, 2008.

On May 23, 2008, Judge Cudmore entered a Scheduling Order that called for discovery to close on March 30, 2009. The consolidated matter was set for trial on August 4, 2009. Scheduling Order entered May 23, 2008 (d/e 166). Davis later asked for a continuance of the trial date. The

3

Court allowed the request and continued the consolidated trial to September 1, 2009.  Minute Entry entered January 30, 2009.

On January 9, 2009, Davis issued a subpoena to a journalist, Dusty Rhodes, to appear at a deposition on February 25, 2009, to testify concerning her source of information concerning a newspaper story about Davis.  The story was published on September 14, 2006.  The story reported that Davis applied for disability benefits due to depression.  Davis alleged that the City leaked this information to Rhodes to retaliate and discriminate against him.  See Opinion entered April 1, 2009 (d/e 221), at 2-4, 10-14 (detailed discussion of the facts surrounding Davis' request to depose Rhodes).

On February 19, 2009, Rhodes filed a Motion to Quash the subpoena. Motion to Quash Plaintiff's Subpoena (d/e 203) (Motion to Quash).  On March 17, 2009, Davis filed a motion to extend fact discovery to take three depositions of representatives of the City, pursuant to Rule 30(b)(6). Motion for Extension to Deadline to Complete Fact Discovery (d/e 211). Davis did not ask for an extension due to the pending Motion to Quash. Judge Cudmore allowed the request and extended discovery to April 10, 2009, to conduct these three depositions.  Text Order entered March 17,

4

2009.

On March 23, 2009, Davis filed his final memorandum regarding the pending Motion to Quash. <u>Plaintiff's Surreply Memorandum in Opposition to Motion to Quash Subpoena (d/e 217)</u>. Eight days later Judge Cudmore entered his Opinion allowing the Motion to Quash. <u>Opinion entered April 1, 2009 (d/e 221) (April 1 Opinion)</u>. On April 3, 2009, Davis appealed the April 1 Opinion. <u>Plaintiff's Notice of Appeal to the District Judge of the Magistrate Judge's Decision Granting a Motion to Quash His Subpoena (d/e 224)</u>. Davis did not at that time ask for an extension of discovery pending the outcome of his appeal.

On April 28, 2009, this Court affirmed the April 1 Opinion. <u>Opinion entered April 28, 2009 (d/e 238)</u>. On April 30, 2009, Davis filed the Motion to Reopen. On May 7, 2009, Judge Cudmore entered the Text Order denying the Motion to Reopen. The Text Order said:

> TEXT ORDER by Magistrate Judge Byron Cudmore: Before the Court is Plaintiff's Motion to Re-Open Fact Discovery Regarding Source for Rhodes' Article 239 and Defendant's Memorandum in Opposition 240. The Court has discretion herein. Motion 239 is DENIED. Plaintiff fails to establish good cause to re-open discovery. The Court's opinions concerning Plaintiff's attempt to depose non-party Dusty Rhodes 221 238 set forth the law and chronology of events and dates that give rise to Plaintiff's instant motion 239. The Court notes that the Motion to Quash

5

>Plaintiff's Subpoena of Dusty Rhodes 203 was filed 2/19/2009, well within the fact discovery period. Plaintiff has failed to show good cause why he did not pursue the depositions now requested well before fact discovery closed on 3/30/2009, or during the extension of fact discovery to 4/10/2009 when the court granted Plaintiff's Motion for Extension of Deadline to Complete Fact Discovery. See motion 211. The Court agrees with Defendant that Plaintiff failed to exercise due diligence while fact discovery was open to depose the persons now listed as deponents in his motion 239.

Text Order. On May 8, 2009, Davis asked Judge Cudmore to reconsider the May 7 Text Order. Judge Cudmore denied the request on May 13, 2009. Davis then filed this appeal.

## ANALYSIS

This Court reviews the Text Order to determine whether the decision was clearly erroneous, or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). In this case, Judge Cudmore exercised his discretion to decide whether to reopen discovery. This Court, therefore, must determine whether Judge Cudmore abused his discretion. See Sommerfield v. City of Chicago, 252 F.R.D. 407, 409 (N.D. Ill. 2008). In deciding whether Judge Cudmore abused his discretion, this Court does not consider how it would have ruled on the Motion to Quash as an original matter. Rather, this Court must uphold if reasonable men could differ on the propriety of Judge

Cudmore's decision. This Court may only reverse the decision if "no reasonable man could agree" with the decision. <u>Washington v. Sherwin Real Estate, Inc.</u>, 694 F.2d 1081, 1087 (7th Cir. 1982).

Judge Cudmore concluded that Davis had failed to act with due diligence. Reasonable men could differ on the propriety of Judge Cudmore's decision under the circumstances of this case. The 2004 Case will be five years old in August, still awaiting retrial; the 2007 Case is over two years old. The deadline for fact discovery in the 2007 Case had already been extended from January 10, 2009, to March 31, 2009. Davis let the March 31 deadline expire before asking for the extension. Davis knew how to ask for an extension in a timely manner. He did so on March 17, 2009, and Judge Cudmore granted his requested extension. He could have included in the March 17, 2009, Motion a request to extend the discovery deadline until the Motion to Quash was resolved. He knew that the March 31, 2009, discovery deadline was fast approaching. A reasonable man could have concluded that Davis should have included this request in his March 17, 2009, Motion, before the deadline had expired.

Davis also could have asked for an extension when Judge Cudmore issued his April 1, 2009, Opinion allowing the Motion to Quash. He knew

7

at that time that if Judge Cudmore's decision stood, he would want to conduct additional discovery. The discovery deadline had been extended for a limited purpose until April 10, 2009. He could have asked for another limited extension pending the outcome of his appeal of the April 1, 2009, Opinion. Such a motion would have enabled him to pursue his appeal while giving the City and the Court more timely notice of his desire to conduct additional discovery should his appeal fail.

Davis did not select either of these options. Rather, he waited until after this Court affirmed the April 1 Opinion. Judge Cudmore, thus, was faced with an untimely motion to extend discovery that would have delayed the retrial of a five-year-old case. The additional discovery that Davis contemplated would likely have taken significant time and delayed the trial. A reasonable person could conclude that his decision not to reopen discovery was proper under these circumstances. Again, this Court must not consider how it would have decided the Motion to Reopen as an original matter. Rather, the Court must decide whether reasonable persons could differ on the propriety of Judge Cudmore's decision. In this case, reasonable persons could differ.

Davis argues that Judge Cudmore imposed an obligation on Davis to

8

depose other people instead of Rhodes, but then took away the opportunity by denying the Motion to Reopen. <u>Plaintiff's Memorandum in Support of His Appeal from the Magistrate Judge's Order Denying His Motion to Reopen Fact Discovery (d/e 244)</u>, at 2-3. The Court does not agree with Davis' characterization of Judge Cudmore's decision. Judge Cudmore weighed the relative benefits and burdens on Davis and Rhodes when he decided the Motion to Quash. See <u>April 1 Opinion</u>, at 7, 11-14. He did not obligate Davis to depose anyone.

Moreover, Davis knew Judge Cudmore's decision on April 1, 2009. He knew he might want to take additional depositions in the event his appeal failed. It is possible that a reasonable person could have concluded that Davis should have filed a motion at that time to extend the discovery deadline until after the outcome of his appeal of the April 1 Opinion. He did not. Thus, under these circumstances, the Court cannot conclude that Judge Cudmore's decision was an abuse of discretion.

THEREFORE, the Court rules on Plaintiff's Notice of Appeal to the District Judge of the Magistrate Judge's Decision Denying His Motion to Reopen Fact Discovery (d/e 243) and AFFIRMS the Text Order of United States Magistrate Judge Byron G. Cudmore entered May 7, 2009.

IT IS THEREFORE SO ORDERED.

ENTER:   June 3, 2009

    FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE