**E-FILED**
Friday, 21 August, 2009  02:51:01 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-3168 (consolidated |
| | ) | with No. 07-3096) |
| CITY OF SPRINGFIELD, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Before the Court are Plaintiff's Motion in Limine to Exclude Evidence (d/e 266) (Motion 266); Plaintiff's Supplemental Motion in Limine to Exclude Evidence (d/e 269) (Motion 269); Defendant's Sixteenth Motion in Limine (d/e 270) (Motion 270); Defendant's Seventeenth Motion in Limine (d/e 271) (Motion 271); Defendant's Eighteenth Motion in Limine (d/e 272 & 274) (Motion 272); Defendant's Nineteenth Motion in Limine (d/e 281); and Plaintiff's Motion for Submission of Supplemental Juror Questionnaire (d/e 273) (Motion 273).  After careful consideration of the Motions and materials submitted by the parties, the Court addresses the Motions as follows:

1

MOTION 266

Plaintiff Rickey Davis asks the Court to exclude eight categories of evidence:

1.    Davis' request to exclude evidence of favorable treatment of Davis and other black police officers by city officials other than former Police Chief Donald Kliment and former Deputy Police Chief William Rouse is ALLOWED in part.  The request is denied as to Davis because such evidence may be relevant to Davis' background and history with the Department.  The request is allowed as to other black police officers as long as Davis does not present evidence regarding the treatment of other black police officers by city officials other than Kliment or Rouse.  If Davis presents such evidence, the City may respond.

2.    Davis' request to exclude evidence regarding an investigation and report by the Illinois State Police into alleged wrongdoing by Detectives James Graham and Paul Carpenter is ALLOWED in part.  The Court excludes the report as hearsay within hearsay.  If the City believes that the report is admissible, it may make a proffer outside the hearing of the jury demonstrating that it is admissible.  The Court denies the request to exclude other evidence regarding the investigation or the alleged wrongdoing.

Detectives Graham and Carpenter worked in the Major Case Unit, which Davis supervised; thus, their actions may be relevant to Davis' performance of his duties as supervisor.  The Court will not exclude such evidence at this time.

3.    Davis' request to exclude evidence regarding extramarital affairs is ALLOWED.  Neither party will mention or present evidence of any person's extramarital affairs without first making a proffer outside the presence of the jury.

4.    Davis' request to exclude a conversation between Davis and Kliment over twenty years ago regarding the use of the n-word by black people is ALLOWED in part.  A conversation between Davis and Kliment regarding Davis' opinions concerning why others use the n-word is not relevant.  The City, however, claims that Kliment can testify to Davis' use of the n-word.  Such testimony may be relevant, depending on whether Davis presents evidence regarding his own attitude on racial issues.  The Court will not bar such testimony at this time.

5.    Davis' request to exclude the views of former Assistant Chief Caldwell regarding Davis' job performance is DENIED.  Caldwell's observations may be relevant to corroborate the City's other evidence

3

regarding Davis' job performance.

6.      Davis' request to exclude evidence regarding the jury verdict in the first trial in Case No. 04-3168 is ALLOWED.  The verdict is not relevant.  The City argues that a jury finding that Davis failed to prove Title VII discrimination is relevant.  The Court disagrees.  The issue here is retaliation not discrimination.  The same jury that found in favor of the City on Davis' discrimination claim could not reach a verdict on retaliation.  The verdict is not relevant and will not be mentioned.

7.      Davis' request to exclude transcripts of interviews of police officers contained in internal affairs investigative reports is ALLOWED in part.  Such transcripts are hearsay and generally inadmissible.  If either party believes that a transcript is admissible for any purpose, the party must first make a proffer outside the hearing of the jury demonstrating that the transcript is admissible.

8.      Davis' request to exclude evidence of the results of the Minnesota Multiphasic Personality Inventory (MMPI) psychological test taken by Davis is DENIED.  Dr. Narasimhulu Sarma ordered the test as part of his evaluation of Davis' condition.  Therefore, the results, including Davis' answers to the questions, are relevant.  The City can inquire of Dr.

Sarma about his diagnosis and treatment of Davis, including the MMPI test. The City can present Davis' answers to the questions on the MMPI test and the other test results, and also evidence that Davis did not re-take the test as recommended by Dr. Sarma.

MOTION 269

Davis' request to allow him to admit emails that Davis sent to former Springfield Police Officers William Pittman and Randy Wilson, but to exclude the attachments to the emails, is DENIED. If Davis wishes to admit an email, then the City is entitled to have the entire email admitted, including any attachments.

MOTION 270

The City's request to exclude the verdict in Case No. 03-3007 is ALLOWED. Davis has no objection to this request.

MOTION 271

The City's request to exclude evidence of nooses discovered at City Water, Light, and Power is ALLOWED. Davis has no objection to this request.

MOTIONS 272 and 281

The City's request to exclude evidence of a meeting on September 2,

2005, and its request to exclude all evidence of acts taken on or before September 2, 2005, are DENIED. Evidence of conduct that occurred before the Title VII statute of limitations period may be relevant to prove issues such as intent or notice. The Court will not exclude all such evidence at this time. The parties, however, may propose limiting instructions regarding such evidence. The Court further notes that the parties should focus on the claims at issue. The Court may limit evidence of events before the limitations period if such evidence becomes cumulative or overly confusing to the jury.

MOTION 273

Davis' request to submit a supplemental questionnaire to prospective jurors is DENIED. The Court believes that a supplemental questionnaire is unnecessary, and at least some of the questions are inappropriate. In particular, no party should mention the nooses recently found at the City Water, Light, and Power facility. These events occurred in a different department of the City and long after the events at issue here. The potential prejudice outweighs any benefit that might be derived from mentioning the nooses during jury selection. The Court will, however, ask questions of the prospective jurors to elicit the appropriate information

sought by the proposed questionnaire.  The Court will also give the parties the opportunity to propose follow-up questions to the Court during the jury selection process.

THEREFORE, Plaintiff's Motion in Limine to Exclude Evidence (d/e 266) is ALLOWED in part and DENIED in part; Plaintiff's Supplemental Motion in Limine to Exclude Evidence (d/e 269) is DENIED; Defendant's Sixteenth Motion in Limine (d/e 270) is ALLOWED; Defendant's Seventeenth Motion in Limine (d/e 271) is ALLOWED; Defendant's Eighteenth Motion in Limine (d/e 272 & 274) is DENIED; Defendant's Nineteenth Motion in Limine (d/e 281) is DENIED; and Plaintiff's Motion for Submission of Supplemental Juror Questionnaire (d/e 273) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:   August 21, 2009

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE