Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

FILED

SEP 1 0 2009

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**1.01.  FUNCTIONS OF THE COURT AND THE JURY**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**

*Given w/out objection*

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

**1.04. EVIDENCE**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 8**

X Given without objection
\_\_\_\_ Given over objection
\_\_\_\_ Given as Modified
\_\_\_\_ Refused
\_\_\_\_ Withdrawn

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**1.06.   WHAT IS NOT EVIDENCE**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4**

*Given W/out objection*

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**1.07.   NOTE-TAKING**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

*Given w/out objection*

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**1.08.   CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S  PROPOSED INSTRUCTION NO. 6**

*Given w/out objection*

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**1.09.   LIMITED PURPOSE OF EVIDENCE**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

*Given w/out objection*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**1.11.   WEIGHING THE EVIDENCE**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**

*Given w/out objection*

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**1.13.   TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9**

*Given w/out objection*

You may consider statements given by a witness under oath or a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**1.14 PRIOR INCONSISTENT STATEMENTS [OR ACTS]**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

X   Given without objection
____   Given over objection
____   Given as Modified
____   Refused
____   Withdrawn

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**7th Cir. Civil Instruction No. 1.12**

**PLAINTIFF'S  PROPOSED INSTRUCTION NO. 10**

*Given W/out objection*

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**1.17.   NUMBER OF WITNESSES**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11**

*Given w/out objection*

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**1.18.   ABSENCE OF EVIDENCE**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12**

*Given w/out objection*

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**1.27.   BURDEN OF PROOF**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13**

*Given w/out objection*

The Defendant, City of Springfield, is a municipality, and can only act through its officials and employers.

**Given at jury trial of Case No. 04-3168**

**PLAINTIFF'S  PROPOSED INSTRUCTION NO. 15**

*Given w/out objection*

# INSTRUCTION NO. _50_

An employer retaliates when it takes action which might dissuade a reasonable worker from filing a charge of discrimination or speaking out about discrimination.

Burlington Northern v. White, 126 S. Ct. 2405, 2414-15 ( 2006)

П'∂ No 50

Given over obj by ⅃

In Count I, Plaintiff claims that Defendant retaliated against him because he spoke out about race discrimination in the Springfield Police Department, and/or filed charges of race discrimination against the Department by not promoting him to Deputy Chief of the Department's Criminal Investigations Division in October 2003. To succeed on this claim, Plaintiff must prove two things by a preponderance of the evidence:

1.  Defendant did not promote him to Deputy Chief of the Criminal Investigations Division because he spoke out about race discrimination in the department and/or filed charges of race discrimination against the department. To determine that Plaintiff was not promoted to Deputy Chief of the Criminal Investigations Division because he spoke out about race discrimination in the department and/or filed charges of race discrimination against the department, you must decide that Plaintiff would have been promoted to Deputy Chief of the Criminal Investigations Division if he had not spoken out about race discrimination in the department and/or filed charges of race discrimination against the department, but everything else had been the same.

2.  Not being promoted to Deputy Chief of the Criminal Investigations Division would dissuade a reasonable employee from speaking out about race discrimination in the Department or filing charges of race discrimination against the Department

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove each of these things by a preponderance of the evidence, then you must find for Defendant.

**3.02 RETALIATION**
**source: Federal Civil Jury Instructions of the Seventh Circuit**
**PLAINTIFF'S  PROPOSED INSTRUCTION NO. 16 as resubmitted**

*Given w/out objection*

In Count II, Plaintiff claims that Defendant retaliated against him because he spoke out about race discrimination in the department and/or filed charges of race discrimination against the department by interfering with his ability to effectively perform his duties, giving him written counseling in December 2005, issuing him a reprimand in January 2006, starting Internal Affairs investigations against him in February 2006, and transferring him from Criminal Investigations to Field Operations.  To succeed on this claim, Plaintiff must prove two things by a preponderance of the evidence:

1.      Defendant interfered with his ability to effectively perform his duties, and/or gave him written counseling in December 2005, and/or issued him a reprimand in January 2006, and/or started Internal Affairs investigations against him in February 2006 and/or transferred him from Criminal Investigation to Field Operations because he spoke out about race discrimination in the department and/or filed charges of race discrimination against the department.  To determine that Plaintiff was interfered with in his ability to effectively perform his duties, was given written counseling, was issued a reprimand, had Internal Affairs investigations begun against him, and/or was transferred from Criminal Investigations to Field Operations because he spoke out about race discrimination against the department and/or filed charges of race discrimination against the department, you must decide that Defendant would not have interfered with Plaintiff's ability to effectively perform his duties, and/or given him written counseling, and/or issued him a reprimand, and/or begun Internal Affairs investigations against him, and/or transferred him from Criminal Investigations to Field Operations if he had not spoken out about race discrimination in the department and/or filed charges of race discrimination against the department, but everything else had remained the same.

2.      Interfering with an employee's ability to effectively perform duties, and/or being given written counseling, and/or being issued a reprimand, and/or having Internal Affairs investigations opened, and/or being transferred from Criminal Investigations to Field Operations would dissuade a reasonable employee from speaking out about race discrimination against the department or filing charges of race discrimination against the department.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must find for Plaintiff.  However, if you find that Plaintiff did not prove each of these things by a preponderance of the evidence, then you must find for Defendant.

**3.02 RETALIATION**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 17 as resubmitted**

*Given w/out objection*

In deciding Plaintiff's claims, you should not concern yourself with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant did not promote him to Deputy Chief of the Criminal Investigations Division, interfered with his ability to effectively perform his duties, gave him written counseling, reprimanded him, started Internal Affairs investigations against him, and/or transferred him from Criminal Investigations to Field Operations, in retaliation for speaking out about race discrimination in the department and/or filing charges of race discrimination against the department.

**3.07. CAUTIONARY INSTRUCTION**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19 as resubmitted**

*Given W/out objection*

If you find that Plaintiff has proved any of his claims against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.  Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

**3.09. DAMAGES:  GENERAL**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 20**

*Given w/out objection*

You may award compensatory damages only for injuries that Plaintiff proved by the preponderance of the evidence were caused by the Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages and no others:

The physical and mental/emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain, suffering, inconvenience, mental anguish or loss of enjoyment of life has been or needs to be offered. There is no exact standard for setting the damages to be awarded on account of pain, suffering, inconvenience, anguish and loss of enjoyment of life. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

**3.10 COMPENSATORY DAMAGES**
**Source: Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21** *A*

*Given w/out objection*

If you decide for the Defendant on the question of liability, then you should not consider the question of damages.

**1.31 NO NEED TO CONSIDER DAMAGES INSTRUCTION**
**Source: Federal Civil Jury Instructions of the Seventh Circuit**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 7**

  _X_   Given without objection
_____  Given over objection
_____  Given as Modified
_____  Refused
_____  Withdrawn

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

**1.32 SELECTION OF PRESIDING JUROR; GENERAL VERDICT**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3**

_X_  Given without objection
____  Given over objection
____  Given as Modified
____  Refused
____  Withdrawn

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**1.33 COMMUNICATION WITH COURT**
**Source:  Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 22**

*Given W/out Objection*

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

**1.34.  DISAGREEMENT AMONG JURORS**
**Source:  Federal Civil Jury Instructions of the Seventh Circuit**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 23**

*Given w/out objection*

**VERDICT FORM**

**Note:**  Complete this form by writing in the names required by your verdicts.


On the retaliation claim of Rickey Davis in Count I, we find in favor of:

_____

Plaintiff Rickey Davis              or              Defendant City of Springfield


**Note:**  Complete the following paragraph only if the above finding is in favor of Plaintiff Rickey Davis.  If the above finding is in favor of Defendant City of Springfield, you have completed your deliberations on this claim.


We find Plaintiff Rickey Davis is entitled to compensatory damages in the

amount of $_____.


_____

PRESIDING JUROR

_____

_____

_____

_____

_____

_____

_____


**DEFENDANT'S PROPOSED INSTRUCTION NO. 9**

*Given w/out objection*

X_____ Given without objection
_____ Given over objection
_____ Given as Modified
_____ Refused
_____ Withdrawn

# VERDICT FORM

**Note:**  Complete this form by writing in the names required by your verdicts.

On the retaliation claim of Rickey Davis in Count II, we make the following findings:

1. On Plaintiff's claim that Defendant retaliated against him by interfering with his ability to effectively perform his duties, we find in favor of:

_____
Plaintiff Rickey Davis          or          Defendant City of Springfield


2. On Plaintiff's claim that Defendant retaliated against him by giving him written counseling in December 2005, we find in favor of:

_____
Plaintiff Rickey Davis          or          Defendant City of Springfield


3. On Plaintiff's claim that Defendant retaliated against him by issuing him a reprimand in January 2006, we find in favor of:

_____
Plaintiff Rickey Davis          or          Defendant City of Springfield


4.  On Plaintiff's claim that Defendant retaliated against him by starting Internal Affairs investigations against him in February 2006, we find in favor of:

_____
Plaintiff Rickey Davis          or          Defendant City of Springfield

5. On Plaintiff's claim that Defendant retaliated against him by transferring him from Criminal Investigations to Field Operations in March 2006, we find in favor of:

_____

Plaintiff Rickey Davis          or          Defendant City of Springfield

**Note:** Complete the following paragraph only if any of the above findings are in favor of Plaintiff Rickey Davis. If the above findings are all in favor of Defendant City of Springfield, you have completed your deliberations on this claim.

We find Plaintiff Rickey Davis is entitled to compensatory damages in the

amount of $_____.

_____

PRESIDING JUROR

_____

_____

_____

_____

_____

_____

_____

**DEFENDANT'S PROPOSED INSTRUCTION NO. 10 as resubmitted**

   X   Given without objection
_____ Given over objection
_____ Given as Modified
_____ Refused
_____ Withdrawn

## VERDICT FORM

**Note:**  Complete this form by writing in the names required by your verdicts.


On the retaliation claim of Rickey Davis in Count II, we find in favor of:

_____

Plaintiff Rickey Davis              or              Defendant City of Springfield


**Note:**  Complete the following paragraph only if the above finding is in favor of Plaintiff Rickey Davis.  If the above finding is in favor of Defendant City of Springfield, you have completed your deliberations on this claim.


We find Plaintiff Rickey Davis is entitled to compensatory damages in the

amount of $_____.


_____

PRESIDING JUROR

_____

_____

_____

_____

_____

_____

_____


**DEFENDANT'S PROPOSED INSTRUCTION NO. 10**

*w/ drawn*

_____ Given without objection
_____ Given over objection
_____ Given as Modified
_____ Refused
$\chi$ Withdrawn

**VERDICT FORM**

**Note:**  Complete this form by writing in the names required by your verdicts.

On the retaliation claim of Rickey Davis in Count II, we find in favor of:

_____

Plaintiff Rickey Davis              or              Defendant City of Springfield

**Note:**  Complete the following paragraph only if the above finding is in favor of Plaintiff Rickey Davis.  If the above finding is in favor of Defendant City of Springfield, you have completed your deliberations on this claim.

We find Plaintiff Rickey Davis is entitled to compensatory damages in the

amount of $_____.

_____

PRESIDING JUROR

_____

_____

_____

_____

_____

_____

_____

W/ drawn

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side whom I may caution or warn during the trial.

**2.14 JUDGE'S COMMENTS TO LAWYER**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 6**

____   Given without objection
____   Given over objection
____   Given as Modified
____   Refused
__X__   Withdrawn

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side whom I may caution or warn during the trial.

W/ drawn

In deciding Plaintiff's claims, you should not concern yourself with whether Defendant's actions were wise, reasonable, or fair.  Rather, your concern is only whether Plaintiff has proved that Defendant did not promote him to Deputy Chief of the Criminal Investigations Division, counseled him, gave him a written reprimand, started two Internal Affairs investigations against him, interfered with his ability to effectively perform his job and transferred him to Field Operations, in retaliation for his speaking out on racial issues in the Springfield Police Department.

**3.07 CAUTIONARY INSTRUCTION**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2**

\_\_\_\_   Given without objection
\_\_\_\_   Given over objection
\_\_\_\_   Given as Modified
\_\_\_\_   Refused
\_X\_   Withdrawn

*W/ drawn*

In deciding Plaintiff's claims, you should not concern yourself with whether Defendant's actions were wise, reasonable, or fair.  Rather, your concern is only whether Plaintiff has proved that Defendant did not promote him to Deputy Chief of the Criminal Investigations Division, counseled him, gave him a written reprimand, started two Internal Affairs investigations against him, interfered with his ability to effectively perform his job and transferred him to Field Operations, in retaliation for his speaking out on racial issues in the Springfield Police Department.

W/ drawn

In Count II, Plaintiff Rickey Davis claims that Defendant City of Springfield counseled him in December 2005, issued him a reprimand in January 2006, started two Internal Affairs investigations against him in February 2006, interfered with his ability to effectively perform his job and transferred him from the Springfield Police Department's Criminal Investigations Division to Field Operations in retaliation for his speaking out on racial issues in the Department.  To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant counseled him in December 2005, issued him a reprimand in January 2006, started two Internal Affairs investigations against him in February 2006, interfered with his ability to effectively perform his job and transferred him from the Criminal Investigations Division to Field Operations in retaliation for his speaking out on racial issues in the Department.  To determine that Plaintiff was counseled in December 2005, was issued a reprimand in January 2006, was the subject of two Internal Affairs investigations in February 2006, was interfered with in his ability to effectively perform his job and was transferred from the Criminal Investigations Division to Field Operations in retaliation for his speaking out on racial issues in the Department, you must decide that Plaintiff would not have been counseled, issued a written reprimand, been the subject of two Internal Affairs investigations, was interfered with in his ability to effectively perform his job and transferred to Field Operations, if he had not spoken out on racial issues in the Department, but everything else had been the same.

*Refused*

If you find that Plaintiff has proved these items by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove these items by a preponderance of the evidence, then you must find for Defendant.

**3.02 RETALIATION**

**source: Federal Civil Jury Instructions of the Seventh Circuit**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 1B**

\_\_\_\_ Given without objection
\_\_\_\_ Given over objection
\_\_\_\_ Given as Modified
\_\_X\_\_ Refused
\_\_\_\_ Withdrawn

In Count II, Plaintiff Rickey Davis claims that Defendant City of Springfield counseled him in December 2005, issued him a reprimand in January 2006, started two Internal Affairs investigations against him in February 2006, interfered with his ability to effectively perform his job and transferred him from the Springfield Police Department's Criminal Investigations Division to Field Operations in retaliation for his speaking out on racial issues in the Department.  To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant counseled him in December 2005, issued him a reprimand in January 2006, started two Internal Affairs investigations against him in February 2006, interfered with his ability to effectively perform his job and transferred him from the Criminal Investigations Division to Field Operations in retaliation for his speaking out on racial issues in the Department.  To determine that Plaintiff was counseled in December 2005, was issued a reprimand in January 2006, was the subject of two Internal Affairs investigations in February 2006, was interfered with in his ability to effectively perform his job and was transferred from the Criminal Investigations Division to Field Operations in retaliation for his speaking out on racial issues in the Department, you must decide that Plaintiff would not have been counseled, issued a written reprimand, been the subject of two Internal Affairs investigations, was interfered with in his ability to effectively perform his job and transferred to Field Operations, if he had not spoken out on racial issues in the Department, but everything else had been the same.

*Refused*

If you find that Plaintiff has proved these items by a preponderance of the evidence, then you must find for Plaintiff.  However, if you find that Plaintiff did not prove these items by a preponderance of the evidence, then you must find for Defendant.

In Count I, Plaintiff Rickey Davis claims that Defendant City of Springfield did not promote him to Deputy Chief of the Springfield Police Department's Criminal Investigations Division in retaliation for his speaking out on racial issues in the Department.  To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant did not promote him to Deputy Chief of the Criminal Investigations Division in retaliation for his speaking out on racial issues in the Department.  To determine that Plaintiff was not promoted to Deputy Chief of the Criminal Investigations Division in retaliation for his speaking out on racial issues in the Department, you must decide that Plaintiff would have been promoted to Deputy Chief of the Criminal Investigations if he had not spoken out on racial issues in the Department, but everything else had been the same.

If you find that Plaintiff has proved these items by a preponderance of the evidence, then you must find for Plaintiff.  However, if you find that Plaintiff did not prove these items by a preponderance of the evidence, then you must find for Defendant.

**3.02 RETALIATION**
**source: Federal Civil Jury Instructions of the Seventh Circuit**

**DEFENDANT'S PROPOSED INSTRUCTION NO. 1A**

____  Given without objection
____  Given over objection
____  Given as Modified
__X__  Refused
____  Withdrawn

In Count I, Plaintiff Rickey Davis claims that Defendant City of Springfield did not promote him to Deputy Chief of the Springfield Police Department's Criminal Investigations Division in retaliation for his speaking out on racial issues in the Department.  To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant did not promote him to Deputy Chief of the Criminal Investigations Division in retaliation for his speaking out on racial issues in the Department.  To determine that Plaintiff was not promoted to Deputy Chief of the Criminal Investigations Division in retaliation for his speaking out on racial issues in the Department, you must decide that Plaintiff would have been promoted to Deputy Chief of the Criminal Investigations if he had not spoken out on racial issues in the Department, but everything else had been the same.

If you find that Plaintiff has proved these items by a preponderance of the evidence, then you must find for Plaintiff.  However, if you find that Plaintiff did not prove these items by a preponderance of the evidence, then you must find for Defendant.

*Refused*