IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-3168 |
| | ) | (Consolidated with |
| CITY OF SPRINGFIELD, | ) |  Case No. 07-3096) |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Rickey Davis' Motion for Award of Attorneys' Fees and Expenses (d/e 311) (Davis Motion) and Defendant City of Springfield's Bill of Costs (d/e 301) (City Bill of Costs). For the reasons set forth below, the Davis Motion is allowed in part and the City Bill of Costs is allowed in part.

Davis originally filed this action on August 3, 2004.  Davis alleged that in October 2003, the City discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 (Title VII) when Chief of Police Donald Kliment promoted William Rouse instead of Davis to the position of Deputy Chief of Police in charge of the Criminal Investigations

1

Division (CID).  Complaint (d/e 1), Count I ¶ 13.  The case went to trial the first time on September 10, 2007.  On September 14, 2007, a jury returned a verdict in favor of the City on Davis' claim of discrimination, but was unable to reach a verdict on Davis' retaliation claim.  Verdict (d/e 148).

On April 10, 2007, Davis filed Case No. 07-3096.  Davis alleged Title VII violations of disparate treatment, hostile work environment, and wrongful discharge resulting from the City's treatment of him from October 2003, until January 2007, when he retired from the City's Police Department.  He also alleged claims against Kliment and Rouse personally based on 42 U.S.C. § 1983.  Complaint (Case No. 07-3096 (d/e 1)).  After the September 2007 trial, Davis voluntarily dismissed the claims against Kliment and Rouse, and the Court agreed to consolidate the Title VII claims in Case No. 07-3096 with the remaining retaliation claim in Case No. 04-3168.  Case No. 07-3096 Text Order entered April 25, 2008.

On August 17, 2009, the Court entered partial summary judgment in favor of the City on: (1) that portion of Davis' retaliation claim in Case No. 07-3096 that was based on actions that occurred beyond the statute of limitations; and (2) all of Davis' disparate treatment, hostile work environment, and wrongful discharge claims in Case No. 07-3096.  Opinion

2

entered August 17, 2009 (d/e 265).

The consolidated trial on the remaining retaliation claims in Case No. 04-3168 and Case No. 07-3096 began on September 1, 2009. On September 10, 2009, a jury returned a verdict in favor of the City on the retaliation claim in Case No. 04-3168, and a verdict in favor of Davis on the retaliation claim in Case No. 07-3096. The jury awarded Davis $350,000.00 in compensatory damages, which the Court reduced to the statutory cap of $300,000.00. 42 U.S.C. § 1981a. On October 15, 2009, the Court held a bench trial on Davis' claim for equitable economic remedies. The Court awarded $40,000.00 in equitable economic remedies.

The City has now submitted the City Bill of Costs for $9,871.62, and Davis has submitted the Davis Motion for $610,440.00 in attorney fees and $23,992.23 in expenses. Each party has objected to the other party's request. The Court addresses each request separately.

I. City Bill of Costs

The City seeks $9,871.62 in costs. The City prevailed on all of Davis' claims in Case No. 04-3168. A prevailing party is entitled to recover certain costs unless the Court otherwise directs. Fed. R. Civ. P. 54(d). The recoverable costs are set out by statute:

A judge or clerk of any court of the United States may tax as costs the following:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of this title.

28 U.S.C. § 1920. See Fed. R. Civ. P. 54(d). Parties may recover court reporter attendance fees as part of the cost of securing transcripts of depositions. Finchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995). This Court must, in its discretion, determine the appropriate amount of costs to be taxed. Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

After careful review of the City Bill of Costs, the Court finds that the costs sought are recoverable except for the $195.72 in postage. Postage is

not an authorized cost.  See e.g., El-Fadl v. Central Bank of Jordan, 163 F.R.D. 389, 390 (D. D.C. 1995).

Davis objects to the subpoena service fee and witness fee for William Rouse.  Rouse had retired from the City Police Department.  He was not obligated to testify.  The City subpoenaed him and paid him a witness fee.  He testified about the facts and circumstances surrounding his selection in October 2003, to be the City's Deputy Chief of Police in CID.  Rouse testified about his experience and his involvement in the selection process.  Given his testimony to matters related to the claim in Case No. 04-3168, the City is entitled to recover these costs.

Davis also objects to various transcripts and court reporter costs.  The Court finds that these costs are reasonable.  Davis complains that at least some of the transcripts were for depositions taken in Case No. 07-3096 after discovery closed in Case No. 04-3168.  Davis' counsel, however, asked questions in those depositions about matters related to Davis' claims in Case No. 04-3168.  See Defendant's Response to Plaintiff's Memorandum in Opposition to Defendant's Bill of Costs (d/e 303), at 1-4, and attached exhibits.  The City, thus, was reasonably required to secure those transcripts to defend Case No. 04-3168.  The costs are allowed.  Davis also objects to

5

court reporter bills for transcript indexes. These costs appear to be part of the court reporter's charge for the transcripts. The Court will allow the charges. Davis also objects to the cost of the transcript of the first trial. Securing a copy of this transcript was reasonable in order to prepare for the second trial. This cost is allowed. The City Bill of Costs is allowed in part. The Court allows costs totaling $9,675.90.

II. <u>Davis' Request for Fees and Expenses</u>

A plaintiff who prevails on a Title VII claim generally is entitled to recover attorney fees. 42 U.S.C. §§ 1981a & 1988. Davis prevailed in Case No. 07-3096 and is entitled to fees in this case. To determine the appropriate amount of fees, the Court must initially determine the reasonable hourly rate for the representation and hours reasonably expended to perform the representation. See <u>Bankston v. State of Illinois</u>, 60 F.3d 1249, 1255 (7th Cir. 1995). The Court must then also consider the results obtained and whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for the fee award. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983).

The Court must look to the market to determine the hourly rate. The best evidence of the market rate is the hourly rate that clients pay Davis'

6

counsel for similar services. Mathur v. Board of Trustees of Southern Illinois University, 317 F.3d 738, 743 (7th Cir. 2003). If counsel does not present such evidence, the Court looks to the rate that lawyers of similar abilities and experience in the community normally charge for the type of work in question. Stark v. PPM America, Inc., 354 F.3d 666, 674 (7th Cir. 2004); Mathur, 317 F.3d at 743.[1]

In this case, Davis signed a contingency agreement with his counsel. He agreed that his counsel would be entitled to at least thirty-three percent of the total award, plus expenses and costs. Plaintiff's Memorandum in Support of An Award of Attorneys' Fees and Expenses (d/e 312) (Plaintiff's Memorandum), Exhibit 6, Contract for Professional Services dated April 12, 2007. Davis did not agree to pay his counsel any particular hourly rate. His counsel, further, have not presented evidence of a client that has paid them on an hourly basis. Counsel have presented evidence of courts awarding fees based on an hourly rate, but a court award is not a market

---

[1]The Mathur Court indicated that if counsel presented evidence of the hourly rate that clients pay them, the Court should consider the reasonableness of that rate in terms of the rate charged in the locality where the counsel normally practices. Mathur, 317 F.3d at 743. As explained below, Davis' counsel did not present evidence of the hourly rate that clients pay them. In such situations, the Court looks to, "'rates similar experienced attorneys in the community charge paying clients for similar work.'" Id. (quoting People Who Care v. Rockford Bd. of Educ., School Dist. No. 205, 90 F.3d 1307, 1310 (7th Cir. 1996)).

transaction.

In light of the lack of evidence on an hourly rate that clients actually pay Davis' attorneys, the Court looks to evidence of the rate that lawyers of similar abilities and experience in the community normally charge for the type of work in question. The City has presented evidence that the rate charged in the community is $150.00 to $250.00 per hour for experienced attorneys in this field. See Defendant's Response to Motion for Award of Attorneys' Fees and Expenses (d/e 321) (Defendant's Response), Exhibits 2-6, Affidavits of James P. Baker, Carl R. Draper, Charles S. Watson, A. Courtney Cox, and Shari R. Rhode. The Declarations and Affidavits submitted by Davis establish that Davis' counsel Donna L. Harper, Mary Anne Seday, and John Lynn are experienced Title VII attorneys, although Lynn's experience seems to be primarily in appellate work. Plaintiff's Memorandum, Exhibit 1 and 2, Affidavits (or Declaration) of Donna L. Harper, Jerome J. Dobson, David C. Howard, and Ferne P. Wolf. Under the circumstances, the Court finds that the appropriate hourly rate for attorneys Harper and Seday is $250.00 per hour, and the appropriate rate for attorney Lynn is $225.00 per hour.

Davis' attorneys have also billed for their legal assistant Marsha Roth.

Attorney Harper's Declaration establishes that Roth is a qualified legal assistant. The evidence indicates that the market rate for legal assistants, or paralegals, is $50.00 to $100.00 per hour in the Springfield community. See Defendant's Response, Exhibit 3, Affidavit of Carl R. Draper, ¶ 10. The Court finds that a rate of $100.00 per hour is appropriate.

Davis argues that the relevant community is not the Springfield community, but the community of practitioners in which his attorneys practice. Davis relies on Jeffboat, LLC v. Director, Office of Workers' Compensation Programs for this proposition. Jeffboat, 553 F.3d 487, 490 (7th Cir. 2009). The Jeffboat Court held that the "community of practitioners" is the appropriate market when, "the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that [practice] area is a national market." Jeffboat, 553 F.3d at 490. This case is a typical Title VII retaliation claim. Davis claimed that Rouse and Kliment retaliated against him. The issues concerned the actions and motives of these three men. The Affidavits submitted by Davis and the City indicate that attorneys who handle such Title VII cases do not practice in a "national market"; rather, these attorneys practice within a local or regional market area. Defendant's

9

Response, Exhibits 2-6, Affidavits of James P. Baker, Carl R. Draper, Charles S. Watson, A. Courtney Cox, and Shari R. Rhode; Plaintiff's Memorandum, Exhibits 1 and 2, Affidavits (or Declaration) of Donna L. Harper, Jerome J. Dobson, David C. Howard, and Ferne P. Wolf. The market rate in the Springfield community is, therefore, the appropriate market.

The Court next must evaluate the reasonableness of the hours billed by each attorney and by Roth. The Court has reviewed the billings and finds that the time billed was reasonable. The City complains about specific time entries, but the Court finds that the time was reasonably spent pursuing Davis' claim. The City also argues that billings for travel time should be reduced by fifty percent. The Court does not believe that such a reduction is appropriate. The attorneys spent that travel time on behalf of Davis and should be compensated for that time. The City also complains that Roth spent much of her time performing clerical duties. The Court agrees that much of Roth's time was spent performing clerical functions, such as copying and mailing. The Court will not allow recovery for clerical functions. The Court disallows twenty-five percent of Roth's time to reflect the time spent on clerical duties.

The Court next considers whether the level of success achieved by

counsel should require an adjustment to the fees. Davis' counsel achieved success on Davis' retaliation claim in Case No. 07-3096, but not on any other claim in that case. The Court entered partial summary judgment against him on his disparate treatment, hostile work environment, and wrongful discharge claims. Davis' counsel needed to secure much of the same evidence to pursue all of these claims, so much of the work would have been performed even if Davis had only pursued the retaliation claim. See Hensley, 461 U.S. at 434-35. The wrongful discharge claim, however, accounted for a large part of the additional economic remedies that Davis sought, but did not secure. Davis' counsel also performed additional discovery to establish the economic remedies sought for the wrongful discharge claim.

At trial, Davis' counsel prevailed on the retaliation claim in Case No. 07-3096, but were unsuccessful on the claim in Case No. 04-3168. A majority of the trial concerned the claim in Case No. 07-3096; however, the Court determines that the parties spent approximately thirty-five percent of the trial on the claim in Case No. 04-3168. Davis' counsel billed hundreds and hundreds of hours to prepare for and participate in the September 2009 trial. The attorneys assert that they spent only twenty-two and one-half

11

hours, of those hundreds of hours, on Case No. 04-3168. This assertion is not consistent with what the Court observed at trial.

After carefully weighing the level of success and the scope of the work necessary to achieve that success, the Court finds that the billings should be reduced by a total of thirty-five percent. The reduction consists of a thirty percent reduction to reflect the fact that Davis lost at trial on his claim in Case No. 04-3168, and an additional five percent to reflect the lack of success on the wrongful discharge claim. The Court makes a reduction for the unsuccessful wrongful discharge claim because Davis' counsel did not succeed in securing the economic remedy sought in that claim. The Court makes only a five percent reduction because most of the work for the wrongful discharge claim overlapped the successful retaliation claim.

The Court calculates the allowed fees as follows:

<u>Donna L. Harper</u>:    963.2 hours x $250.00/hour =    $240,800.00

<u>Mary Anne Seday</u>:    243.2 hours x $250.00/hour =    $ 60,800.00

<u>John Lynn</u>:    254.2 hours x $225.00/hour =    $ 57,195.00

<u>Marsha Roth</u>: 388.3 hours x .75 = 291 allowed hours

x $100.00/hour =    $  29,100.00

Subtotal:    $387,895.00

12

    Reduced by 35%:                                                ($135,763.25)

Total Allowed Fees:                                          $252,131.75

Expenses sought by Davis' attorneys are recoverable as part of the attorney fees. <u>Heiar v. Crawford County, Wis.</u>, 746 F.2d 1190, 1203 (7th Cir. 1984). The City objects to specific expenses, but the Court is persuaded that the expenses were reasonable. The Court allows Davis' expense request in the sum of $23,992.23.

THEREFORE, Plaintiff Rickey B. Davis' Motion for Award of Attorneys' Fees and Expenses (d/e 311) and Defendant City of Springfield's Bill of Costs (d/e 301) are ALLOWED in part. The Court taxes costs in Case No. 04-3168 in favor of the City of Springfield and against Rickey B. Davis in the sum of $9,675.90; and the Court awards attorney fees and expenses in Case No. 07-3096 in favor of Rickey B. Davis and against the City of Springfield in the sum of $276,123.98, consisting of $252,131.75 in attorney fees and $23,992.23 in expenses. The Clerk is directed to amend the Judgments (d/e 300 & 307) to reflect the respective awards of costs and attorney fees and expenses. These consolidated cases are closed.

IT IS THEREFORE SO ORDERED.

ENTER:   January 22, 2010

    FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE