IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICKEY B. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3168 |
| | ) | (Consolidated with |
| CITY OF SPRINGFIELD, | ) | Case No. 07-3096) |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff's Motion to Alter or Amend the Judgment as it Pertains to Attorneys' Fees (d/e 326). Motions to alter or amend judgments should only be granted to correct manifest errors of law or fact or to present newly discovered evidence. Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 848 (7th Cir. 1999). In this case, there was no error of law or fact. Plaintiff correctly states that his counsel did not ask for compensation for conducting the first trial in Case No. 04-3168 in 2007. The fee application included a list of billings that the Plaintiff's attorneys did not include in the fee application. Plaintiff's Memorandum in Support of an Award of Attorneys' Fees and Expenses (d/e 312), Exhibit

1

1, <u>Declaration of Donna L. Harper</u>, <u>Attachment E Unclaimed Hours</u>.  All of the unclaimed hours were for services provided in 2007 for the first trial that ended in a hung jury, except for eight-tenths of an hour in September 2008 to research fee awards after a hung jury.  <u>Id.</u>  Plaintiff did not prevail on any claim at the first trial, and so, his attorneys properly did not ask for reimbursement of these fees.

The Court, however, reduced the fee request because of the lack of success in the second trial.  The list of unclaimed billings did not include any billings after the conclusion of the first trial (except for the eight-tenths of an hour noted above regarding recovering fees after the hung jury).  <u>Id.</u>  The attorneys, thus, billed all of their time associated with preparing for and conducting the second trial.  The Court reduced that time due to the lack of success on the wrongful discharge claim in Case No. 07-3096 and the retaliation claim in Case No. 04-3168.  <u>Opinion entered January 10, 2010 (d/e 324)</u>, at 10-13.  The Court did not address the fees incurred to prepare for and conduct the first trial because Plaintiff's counsel properly did not ask for reimbursement for those fees.  There was no error of law or fact.

THEREFORE, Plaintiff's Motion to Alter or Amend the Judgment as it Pertains to Attorneys' Fees (d/e 326) is DENIED.

2

IT IS THEREFORE SO ORDERED.

ENTER: February 4, 2010

FOR THE COURT:

                                                           s/ Jeanne E. Scott
                                                       JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE